## MARTINI v. JOHNSTON, Warden.
### No. 9105.

Circuit Court of Appeals, Ninth Circuit.
April 19, 1939.

Writ of Certiorari Denied June 5, 1939.

See 59 S.Ct. 1045, 83 L.Ed. ——.

Louis Martini, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY,. Circuit Judges.

PER CURIAM.

A commitment was issued in the United States District Court for the Northern District of Illinois, Eastern Division, March 31, 1932, directing the imprisonment of the appellant for a term of 12 years. This commitment was in pursuance of a judgment and sentence, after plea of guilty, whereby the appellant and his codefendants were sentenced " * * * to be confined and imprisoned in a United States penitentiary for and during a period of ten (10) years on counts one (1) to seven (7) inclusive for and during a period of five (5) years each on count eight (8) sentence on said counts to run concurrently and to be confined and imprisoned in a United States penitentiary for and during a period of two (2) years each on count nine (9) the sentence on count nine (9) to run consecutively with sentence on counts one (1) to eight (8)."

Appellant, being confined in the United States penitentiary at Alcatraz, California, petitioned the United States District Court for the Northern District of California for a writ of habeas corpus contending that under proper construction of the judgment and sentence the maximum sentence was for 10 years and that said period of 10 years expired November 5, 1938. The court issued an order to show cause why a writ of habeas corpus should not issue and after hearing thereon denied the application for the writ and dismissed the proceeding. An appeal was taken from this order to this court.

Petitioner contends that the sentence for two years upon count 9 is void for uncertainty or has been served. To state the position of the appellant in his own language we quote from his reply brief as follows: " * * * that the appellant has served and satisfied the two year sentence as considered and entered by the court, that is, it ran and expired within the current operation of the ten years, running 'consecutively' as ordered, at the expiration of the five year sentence entered on the preceding count eight."

The sentence is too explicit to justify this interpretation. The two-year sentence is "to run consecutively with the sentence on counts one to eight." By the terms of the judgment the net result of the sentences on counts one to eight was a sentence of ten years. The sentence on count nine began to run at the expiration of that period.

Order affirmed.