## COLBERT v. UNITED STATES.
### No. 14722.

United States Court of Appeals
Eighth Circuit.
April 3, 1953.

Rehearing Denied April 24, 1953.

A. F. House, Little Rock, Ark. (appointed by the District Court), for appellant.

James T. Gooch, U. S. Atty., and W. H. Gregory, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before SANBORN, RIDDICK and COLLET, Circuit Judges.

PER CURIAM.

This is an appeal from an order of October 2, 1952, denying a petition for vacation of a sentence imposed on the appellant on October 15, 1951.

Wesley Leon Colbert, on October 15, 1951, in the United States District Court for the Eastern District of Arkansas, entered a plea of guilty to an indictment charging him, under 18 U.S.C.A. § 2312, with having transported in interstate com-merce a stolen motor vehicle. On the same occasion he entered a plea of guilty to an information (indictment having been waived) charging him, under 18 U.S.C.A. § 751, with having escaped from federal custody. A week before his arraignment in federal court he entered pleas of guilty in a state court of Arkansas to two charges of forgery and uttering, and for those offenses received sentences aggregating ten years' imprisonment at hard labor in the State Penitentiary.

The United States District Court on October 15, 1951, sentenced Colbert—a mature man with a formidable criminal record—to five years' imprisonment for each of the offenses to which he had entered a plea of guilty, the sentences to run consecutively. Colbert was received at the United States Penitentiary in Leavenworth, Kansas, on October 29, 1951, and has remained in federal custody since that time.

On April 25, 1952, Colbert filed a petition for the vacation of the sentence imposed upon him under the indictment charging the transportation of the stolen motor vehicle. He asserted that he was innocent of that offense, that in the proceedings culminating in his plea of guilty he was not competently represented by counsel of his own choosing, and that his plea was not voluntary but was the result of his having been induced by his counsel and others to believe that if he went to the State Penitentiary under the state sentences he would be killed. In the petition it was asserted by Colbert that the attorney who originally represented him had neglected his interests, had arranged his escape from federal custody, and had coerced him into entering a plea of guilty to an offense which he had not committed. Colbert also asserted that agents of the Federal Bureau of Investigation had brought improper pressure to bear on him for the purpose of inducing him to enter a plea of guilty to the charge relating to the stolen motor vehicle.

The District Court appointed counsel to represent Colbert in presenting his petition, the material allegations of which were denied by the Government. The issues were

794

tried. Colbert was present at the trial. He was given the most patient and painstaking consideration by the court. Counsel appointed to represent him did so with conspicuous ability.

Colbert tesified at great length. His evidence showed that he was, at the time of his arraignment, represented by counsel of his own choosing, that his counsel was not an accessory to his escape, and that there had been no improper conduct on the part of the agents of the Federal Bureau of Investigation in their dealings with Colbert.

Whether Colbert was guilty or innocent of the offense for which he claims to have been improperly sentenced, was not an issue in the instant proceeding. The controlling question for determination was: Did Colbert advisedly, voluntarily, and understandingly enter his plea of guilty to that offense? Friedman v. United States, 8 Cir., 200 F.2d 690, 696. The District Court found that he did. It was amply justified in so finding. There was nothing in the record which required the court to believe that Colbert did not know exactly what he was doing when on October 15, 1951, with the two state court sentences hanging over him, he was arraigned and entered his pleas of guilty to the two federal offenses. The reasons for his doing what he did on that occasion are, we think, obvious.

The District Court, out of what seems like an overabundance of consideration for Colbert, see Higgins v. Steele, 8 Cir., 195 F.2d 366, 369, and Taylor v. Steele, 8 Cir., 194 F.2d 864, permitted him to appeal in forma pauperis and appointed counsel to represent him on appeal. We are indebted to his counsel for an excellent brief on behalf of Colbert urging all that could possibly be brought forward in his favor. Colbert's failure to prevail in this proceeding is due to no lack of effort or skill on the part of the attorneys who have, at the behest of the District Court, gratuitously and ably represented him.

The order appealed from is affirmed.