**Wesley Leon COLBERT, Appellant,**

v.

**P. J. MADIGAN, warden of the United States penitentiary at Alcatraz, California, Appellee.**

**No. 14865.**

United States Court of Appeals
Ninth Circuit.

Jan. 20, 1956.

Wesley Leon Colbert, in pro. per.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MATHEWS, POPE and FEE, Circuit Judges.

PER CURIAM.

In the United States District Court for the Eastern District of Arkansas, hereafter called the Arkansas court, appellant, Wesley Leon Colbert,[1] pleaded guilty in criminal action No. 15127, a prosecution for violating 18 U.S.C.A. § 2312, and pleaded guilty in criminal action No. 15298, a prosecution for violating 18 U.S.C.A. § 751. Thereupon, on October 15, 1951, the Arkansas court entered a judgment in action No. 15127 sentencing appellant to be imprisoned "for a period of Five (5) years" and entered a judgment in action No. 15298 sentencing appellant to be imprisoned "for a period of Five (5) years, said sentence to run consecutively with the sentence imposed on said defendant [appellant] by this court [the Arkansas court] in criminal action No. 15127."

Appellant was accordingly imprisoned in the United States penitentiary at Leavenworth, Kansas,[2] and, later, in the United States penitentiary at Alcatraz, California. On May 13, 1955, while in the penitentiary at Alcatraz, in custody of appellee, Paul J. Madigan, warden thereof, appellant petitioned the United States District Court for the Northern District of California, hereafter called the California court, for a writ of habeas corpus. The California court ordered appellee to show cause why such a writ should not be issued. Appellee filed a return, a hearing was had, and on June 14, 1955, the California court entered an order denying the petition. This appeal is from that order.

Appellant's contentions are that the sentence imposed in action No. 15127 and the sentence imposed in action No. 15298 ran concurrently; that therefore, with

1. Also known as William L. Colbert, Willie Alfred Long and Daniel A. Long.

2. See Colbert v. United States, 8 Cir., 202 F.2d 793.

deductions for good behavior, both sentences expired before May 13, 1955;[3] and that therefore appellant's imprisonment on and after May 13, 1955, was unlawful. There is no merit in any of these contentions. The plain meaning of the above quoted language of the judgment in action No. 15298 was that the sentence imposed in that action should begin at the expiration of the sentence imposed in action No. 15127, and that the two sentences should run consecutively, not concurrently.[4]

Order affirmed.

---

3. The date on which the petition was filed.

4. Martini v. Johnston, 9 Cir., 103 F.2d 597; Butterfield v. Wilkinson, 9 Cir., 215 F.2d 320.