STATE of Missouri, Respondent,

v.

James Monroe JENKINS, Appellant.

Nos. 52181, 52182.

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., William A. Peterson, Asst. Atty. Gen., Jefferson City, for respondent.

No attorney for appellant.

STOCKARD, Commissioner.

On December 1, 1959, James Monroe Jenkins was charged by one information (Case No. 33,379) with the offense of statutory rape, and by another information (Case No. 33,378) with the offense of stealing an automobile. On the same day two well known and respected members

of the bar were appointed to represent him. On July 10, 1961, in open court and in the presence of his counsel defendant entered a plea of guilty to the charge of stealing an automobile. He was sentenced by the court to imprisonment for a term of five years, and judgment was entered accordingly. The trial court then took up the charge of rape (Case No. 33,378). After a discussion and with the consent of counsel the court accepted a plea of guilty from defendant to the charge of attempted rape. The following then occurred:

"The Court: The judgment and sentence of the Court, Mr. Jenkins, on your plea of guilty to this charge of attempted rape, [is] that you be imprisoned in custody of the Department of Correction for a term of ten years, and that this sentence begin after the termination, the ending of the sentence in Case Number 33,378, that is, that the two sentences run consecutively, one after the other."

"The Defendant: Yes, sir.

"The Court: As I understand it, gentlemen, that is in accordance with the understanding that everyone had previous to the time the pleas were entered, is that right?

"Mr. Vickrey [prosecuting attorney]: That's right.

"Mr. Fowlkes [defense counsel]: Is that correct, Mr. Jenkins?

"The Defendant: Yes, sir.

"The Court: And that is your understanding, Mr. Fowlkes?

"Mr. Fowlkes: Yes, sir.

"The Court: All right."

The judgment entered of record provided that "Sentence herein to run consecutively with sentence in Case No. 33,378."

On December 15, 1965, defendant filed in each case a motion pursuant to Criminal Rule 27.26, V.A.M.R., in which he alleged first, that "the sentences in cases number 33,378 and 33,379 should be calculated as concurrent terms of imprisonment for the reason that the terms of imprisonment are ordered to run consecutive with, lacking the proper legal directive as required by law in assessing consecutive terms of imprisonment, therefore, constitutes only a term of ten (10) years as prescribed in number 33,379," and, second, the sentence of ten years in case number 33,379, "is in excess of the maximum term under Missouri law, for the reason that the crime of attempted rape, the judgment and sentence, lacking the element of malice aforethought, therefore, only the maximum of five (5) years is prescribed by Section 559.190 RSMo 1959, * * *."

█ It has long been established that in circumstances such as we have in this case the court may impose either cumulative or concurrent sentences. "The only requirement is that the judgments should clearly reveal the intent of the court in that respect." State v. Shell, Mo., 299 S.W.2d 465, 467; State v. Fleshman, Mo., 399 S.W.2d 56, 58. The judgment in the stealing case made no reference to the judgment in the attempted rape case, and the sentence there imposed would commence as provided by law. State v. Amsden, Mo., 299 S.W.2d 498. The judgment in the attempted rape case expressly provided that "Sentence herein to run consecutively with sentence in Case No. 33,378." It seems to be defendant's contention that the sentences are to be construed to be concurrent because "the terms of imprisonment are ordered to run consecutive *with*" instead of the sentence for attempted rape being ordered to be "consecutive *to*" the sentence for stealing. We find no merit to this contention.

█ The fact that the court orders the second sentence to run consecutively "with" rather than consecutively "to" a

prior sentence does not create a fatal ambiguity. See 24 C.J.S. Criminal Law § 1581, and cases there cited. Neither does it prevent the prisoner from being required to serve the second sentence after the termination of the first sentence. Young v. United States, 8 Cir., 274 F.2d 698, affm'd Payne v. Madigan, 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853; Bledsoe v. Johnston, 9 Cir., 154 F.2d 458, certiorari denied, 328 U.S. 872, 66 S.Ct. 1367, 90 L. Ed. 1642; Martini v. Johnston, 9 Cir., 103 F.2d 597, certiorari denied, 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522. The judgments entered in this case clearly reveal the intent of the court to impose cumulative sentences to be served consecutively and not concurrently.

Defendant's contention that the ten year sentence "is in excess of the maximum term under Missouri law" is also without merit. Defendant apparently is of the erroneous opinion that the offense of attempted rape is the same as an assault with an attempt to commit rape proscribed by Section 559.190, RSMo 1959, V.A.M.S. It may be that some factual situations constitute a violation of Section 559.190 and also constitute an attempted rape, but they are two separate offenses. Attempted rape is a lesser included offense of rape, State v. Wells, Mo., 305 S.W.2d 457, and the punishment therefor is set forth in Section 556.150(1) at two to fifteen years imprisonment. Therefore, the punishment imposed by the trial court was within authorized limits.

The judgments are affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.