**STATE of Missouri, Respondent,**

v.

**Roy KIMES, Appellant.**

No. 52678.

Supreme Court of Missouri, Division No. 1.

June 12, 1967.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

Roy Kimes, pro se.

WELBORN, Commissioner.

This is an appeal from a judgment denying a motion to vacate sentence under Missouri Supreme Court Rule 27.26, V.A.M.R.

Three informations were filed in the McDonald County Circuit Court, charging Roy Kimes with three offenses. In Case No. 2545, he was charged with burglary, on March 18, 1960, of the post office at Powell, Missouri. In Case No. 2547, he was charged with burglary of the post office at Jane, Missouri, on March 18, 1960. Case No. 2561 charged appellant with breaking custody and escaping from the McDonald County jail on September 4, 1961.

On September 15, 1961, the appellant appeared in the McDonald County Circuit Court and pleaded guilty to the charge in each of the three informations. In Case No. 2545, burglary of the Powell post office, the sentence imposed was a term of imprisonment of eight years, in 2547, burglary of the Jane post office, five years, and in 2561, escape, two years. The transcript of the proceedings at the time of the entry of the pleas and the sentencing shows that the court stated to the appellant: "All sentences here entered against you are to run consecutively."

The judgment and sentence in Case No. 2545 recited that the eight-year term of imprisonment was "to run consecutively with Case 2547, to commence on the 15th day of September, 1961." In Case No. 2547, the language employed was that the five-year sentence there imposed should "run consecutively with Cases 2545 and 2561, to commence on the 15th day of September, 1961." In the third case, No. 2561, the sentence was for a term of two years "to run consecutively with Cases 2545 and 2547, to commence on the 15th day of September, 1961."

By his motion to vacate the appellant alleged that the sentences imposed upon him are ambiguous insofar as the court purported to make them run consecutively. According to the petition, "[w]ith all three sentences commencing on September 15, 1961 * * * the sentences could not be served consecutively, but would be served concurrently." The trial court denied relief on the grounds that a motion to vacate, under Criminal Rule 27.26, V.A.M.R., must be confined to an attack upon a single judgment and a motion attacking more than one judgment is improper.

The conclusion of the trial court finds support in State v. Engberg, Mo.Sup., 391 S.W.2d 868, and State v. Crump, Mo.Sup., 412 S.W.2d 490. However, it has also been held that a single motion may be employed to attack judgments entered simultaneously and involving related offenses. State v. Macon, Mo.Sup., 403 S.W.2d 630. Without discussion the court in State v. Fleshman, Mo.Sup., 399 S.W.2d 56, considered an attack upon consecutive judgments in a single motion under Criminal Rule 27.26, V.A.M.R. In view of the nature of the question necessarily presented in a proceeding attacking the sufficiency of judgments imposing consecutive sentences, we are of the opinion that the rule stated in Engberg and Crump is not here applicable and that the rule stated in State v. Macon would properly permit the attack here made in a single motion. However, even if we do not accept the trial court's basis for its dismissal, if the judgment of the trial court may properly be sustained on other grounds, its judgment must be affirmed.

**816**

The issue presented by the appellant's motion is identical with that presented in State v. Testerman, Mo.Sup., 408 S.W.2d 90. The sentences there were imposed by the same court as those here involved. The sentences in Testerman were stated to be consecutive, but the court fixed the same date for the commencement of the sentence in each case. The court also used the language "consecutive with" with reference to the related cases.

In State v. Testerman, supra, it was held that the fact that the judgments purported to state the date of commencement of the sentence did not preclude the three sentences from properly being considered as consecutive. It was there pointed out: " 'The law and not the judgment fixes the date his punishment shall commence.' " 408 S.W.2d 92(1, 2). See State v. Runyon, Mo.Sup., 411 S.W.2d 69, 71 [3–5].

■ In the present case, appellant was clearly advised at the time of sentencing that judgments were to run consecutively. The inclusion of the same date for commencement of the sentences in each case is not sufficient to overcome the otherwise clearly expressed intention of the trial court that the sentences should be consecutive and not concurrent. State v. Testerman, supra. Nor does the use of the language "consecutive with" import a different intention from that expressly stated and appearing in the sentence. State v. Jenkins, Mo.Sup., 411 S.W.2d 441.

Therefore, the judgment of the trial court refusing the relief requested was proper and should be affirmed.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.