Roy KIMES, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 1209.

United States District Court
W. D. Missouri, C. D.

Nov. 15, 1968.

Roy Kimes, pro se.

## ORDER DISMISSING "PETITION FOR BAIL BOND" AND PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court to set bail for him and for a writ of federal habeas corpus to discharge him from state custody as having now fully served any lawfully-imposed sentence. Leave to proceed in forma pauperis was granted by this Court in its order to show cause of November 9, 1967.

Petitioner states that on September 15, 1961, after pleas of guilty he was sentenced on three separate charges by the Circuit Court of McDonald County, Missouri; that he was represented by counsel at his arraignment, pleas and sentencings; that he was sentenced in Case No. C–2545 to a term of 8 years' imprisonment for burglary; that he was sentenced in Case No. C–2547 to a term of 5 years' imprisonment for burglary; that he was sentenced in Case No. C–2561 to a term of 2 years' imprisonment for escape from jail; that the three sentences were "each specifically commenced on the 15th day of September, 1961"; that since the Circuit Court of McDonald County specified that each sentence was to commence on September 15, 1961, and was to be consecutive with the others, there exists an ambiguity; and that this ambiguity should be interpreted to mean that the three sentences were to run concurrently and, therefore, petitioner is presently eligible for his release.

Petitioner further states that on November 15, 1966, he filed a motion to vacate the sentences pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R. in the Circuit Court of McDonald County; that the trial court denied the motion to vacate the sentences under Rule 27.26; that he appealed the denial of his Rule 27.26 motion to vacate the sentences to the Missouri Supreme Court; that the Missouri Supreme Court on June 12, 1967, on the merits denied the relief sought in his Rule 27.26 motion (State v. Kimes (Mo.Sup.1967) 415 S.W.2d 814); and that in May, 1967, he sought an original writ of state habeas corpus from the Missouri Supreme Court, but that it was also denied.

Respondent's response to the show cause order of November 9, 1967, included the transcript of the post-conviction Rule 27.26 Circuit Court proceedings in State of Missouri v. Kimes. This transcript shows that petitioner plead guilty on September 15, 1961, to three informations filed in that court; that in Case No. 2545, for burglary of the Powell post office, he was sentenced to 8 years' imprisonment; that in Case No. 2547, for burglary of the Jane post office, he received a sentence of 5 years' imprisonment; that in Case No. 2561, for escape, he was sentenced to 2 years' imprisonment; and that the judge informed the prisoner that "all sentences here entered against you are to run consecutively." (Tr. 25)

The transcript also further shows that the judgment and sentence in Case No. 2545 recited that the eight-year term of imprisonment was "to run consecutively with Case 2547, *to commence on the 15th day of September, 1961*"; that in Case No. 2547 the five-year sentence there imposed should "run consecutively with Cases 2545 and 2651, *to commence on the 15th day of September, 1961*"; that in Case No. 2561 the sentence was for a term of two years "to run consecutively with Cases 2545 and 2547, *to commence on the 15th day of September, 1961*." It is on the emphasized language in the three sentences that the petitioner bases his contentions. Attached to respondent's response is a "Certified Transcript of Serial Record" of the Missouri State Penitentiary which states that the petitioner was received on September 15, 1961, on Cause No. 2545; that his sen-

tence thereon, due to run to September 14, 1969, was commuted on August 4, 1966; and that petitioner is presently serving the sentence, from August 4, 1966, on Cause No. 2547. These facts shown by the record are not denied. Therefore, there is no factual issue remaining to be determined. Only a legal question of the validity of petitioner's contention remains.

■■ Petitioner's contention that the trial court ordered all three sentences to begin on the same date and that this created an ambiguity to be resolved in favor of petitioner by making the sentences run concurrently does not present a question of violation of federally-protected constitutional rights of petitioner. The Missouri Supreme Court ruled that under the state statute, Sec. 222.020, RSMo, "The law and not the judgment fixes the date his punishment shall commence" and that the language "consecutive with" was sufficiently clear to indicate the intent of the sentencing court. State v. Kimes (Mo.Sup.1967) 415 S.W. 2d 814 at 816. In the absence of exceptional circumstances the interpretation by a state court of sentences as consecutive rather than concurrent in accordance with the clearly-expressed intent found in the record or from clearly-controlling statutes, or both, is not a denial of federally-protected constitutional rights. Stanfield v. Swenson (C.A. 8, 1967) 381 F.2d 755. Cf. Subas v. Hudspeth (C.A. 10, 1941) 122 F.2d 85; Miller v. United States (C.A. 5, 1942) 128 F.2d 519, cert. ·den. 317 U.S. 626, 63 S.Ct. 36, 87 L.Ed. 506; Tanner v. United States (C.A. 10, 1961) 296 F.2d 218; and Henley v. Heritage (C.A. 5, 1964) 337 F.2d 847, involving federal sentences. Here petitioner does not allege exceptional circumstances warranting relief, nor does he allege the records of the sentencing proceedings to be false or incomplete. Therefore, the petitioner does not state facts warranting relief.

■ Since, also, this Court should not grant bail for a petitioner who is serving a lawful sentence based on a valid state conviction, no bail will be granted.

It is therefore

Ordered that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice. It is further

Ordered that the "petition for bail bond" filed herein on March 13, 1968, be, and it hereby is, denied.