**George MOORE, Jr., Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54772.**

Supreme Court of Missouri,
Division No. 1.

May 11, 1970.

Eugene E. Andereck, Trenton, for appellant.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial, after hearing, of vacation of sentence and judgment, under Supreme Court Rule 27.26, V.A.M.R.

Upon a jury trial in the Mercer County Circuit Court, at which he was represented by court-appointed counsel, George Moore, Jr., was found guilty of burglary and stealing. The punishment was fixed at two years' imprisonment on each offense. Defendant waived his right to file a motion for new trial and the court sentenced him in accordance with the verdict, with the requirement that the sentences run consecutively. § 560.110, subd. 2, RSMo 1959, V. A.M.S.

Moore filed a motion in the Mercer County Circuit Court, seeking relief under Rule 27.26 on numerous grounds. Insofar as here pertinent, he charged that his conviction was based upon the perjured testimony of a state's witness on the trial, Kenneth Owens, and asserted that he was deprived of his right to adequate representation of counsel by reason of his trial counsel's failure to cross-examine Owens as to the alleged perjured testimony.

Moore's conviction was for burglarizing a liquor store, apparently at Princeton, Missouri, on January 14, 1968. Owens testified at the trial of the offense that Moore asked him and another to assist in the project; that the three of them went to the store; that Owens broke a window and entered the store and took some liquor which he handed out to Moore.

On the 27.26 hearing, Moore testified that, at the preliminary hearing on the burglary and stealing, Owens testified that he got into the store by standing on a tire, but that he testified at the trial that Moore had helped him into the store. Moore stated that the latter version was false, was produced by leading questions to which his trial attorney did not object and that his trial attorney failed to cross-examine the witness as to his inconsistent versions of the crime.

The movant called the official court reporter as a witness. The reporter produced a copy of Owens' testimony at the trial which he had made from his notes taken at the trial. No testimony appears in the transcript as to the manner by which Owens entered the building. The reporter was asked whether or not, upon a review of his notes taken during the trial, he found any testimony about the manner of entry, other than Owens' testimony. The reporter stated that he had not.

On the issues here presented for review, the trial court found that the petitioner had "failed to prove his basic allegation that the testimony as stated in his motion was ever given in the trial." The court further found that, even if there might have been perjured testimony, there was no evidence that the prosecution had any knowledge of it. Insofar as the charge of inadequate representation of counsel, based on failure to cross-examine Owens on his allegedly inconsistent testimony, the court found that there was no proof that Owens testified inconsistently and no showing that Moore advised his attorney, who did not represent him at the preliminary, of the alleged inconsistency.

The only finding of the trial court actually attacked here is the added finding that, in any event, " * * * any question of perjury would go to the veracity of the witness, and that is to be determined by the jury. And the jury so determined that the petitioner herein was guilty of the offense, and imposed a penalty accordingly."

The appellant argues that such finding is erroneous because it presupposes that the jury was made aware of the supposedly false testimony, whereas appellant's complaint was that, by reason of his counsel's incompetency, the jury was not so informed.

The finding attacked is clearly superfluous. The basic finding of the trial court that Owens did not testify at the trial as appellant alleged disposes of all issues based upon such alleged testimony. The trial court's finding on this issue was supported by the evidence. Certainly it cannot be said to be clearly erroneous. The judgment does not require the finding here attacked. That it was made in support of an otherwise proper judgment does not affect the validity of the judgment. State v. Kimes, Mo.Sup., 415 S.W.2d 814, 815[1, 2].

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

SEILER, P. J., HOLMAN, J., and HENLEY, Alt. J., concur.

BARDGETT, J., not participating because not a member of the Court when case was submitted.