**Billy Joe McGINNIS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55406.

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

———◆———

Leo A. Politte, Washington, for movant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On March 7, 1961, appellant, with appointed counsel, entered pleas of guilty to three separate charges of forgery. The court accepted the pleas, which were entered on the same day that counsel was appointed, granted allocution and pronounced sentences. In the first case, No. 3928, the sentence was for four years confinement; in Case No. 3929, the sentence was for five years, "said five-year term to begin upon the expiration of the four-year term imposed upon you in this Court in Case No. 3928 this date * * *"; in Case No. 3930, the sentence was for six years, "said sentence to begin upon the expiration of the five-year sentence imposed upon you on this date in this Court in Case No. 3929 * * *."

In these proceedings to vacate the sentences under Rule 27.26, V.A.M.R., appellant claims he was coerced, intimidated, and given false promises and thereby induced to plead guilty; that the sentences should have run concurrently; and that no proper inquiry was made by the court as to the guilt or innocence of appellant before imposing sentences. An evidentiary hearing was had, findings of fact and conclusions of law made, and the motion was overruled by the trial court.

According to appellant, when he came into the courtroom the trial court asked him if he had a lawyer or funds to hire one. Appellant answered "No," and the judge said, "I'll appoint Mr. Hukriede," and asked whether appellant was ready to enter a plea. Mr. Hukriede spoke up saying that he would like to have a few minutes to confer with appellant, the time being about one o'clock in the afternoon. Mr. Hukriede and appellant then went into the judge's office. Appellant was first asked about his brother being in a second car wreck in which three of his friends were killed, and then in about ten minutes was asked what he was going to do about the case, and appellant answered that he was going to plead not guilty. Mr. Hukriede told him he thought he was making a mistake, that he should plead guilty. Mr. Hukriede also told him that he had spoken with Mr. Moll (the prosecuting attorney) who said appellant should take ten years. Appellant said that was a long time for pleading guilty, and Mr. Hukriede told him a jury would give him thirty years if he did not plead guilty "and they would give you a fair trial." Appellant had his brother's car wreck on his mind and his mind would not function—he had a tendency to agree with whatever Mr. Hukriede said. Mr. Hukriede told him he had no defense for what he did and that "I have nothing to go to trial on." They sat there a few minutes and appellant told him he would plead guilty if Mr. Hukriede thought it was best. "He said, 'I don't see anything else you can do.' And so I said, 'All right, I will plead guilty,' and we reentered the courtroom." No facts were discussed about the charges, and the sentences were imposed in about twenty minutes, appellant thinking that he would plead guilty to all three charges and get a straight sentence of ten years. At the time of this hearing Mr. Hukriede was deceased.

Appellant had a conference with Mr. Moll the preceding week in which appellant declined to plead guilty for a sentence of fifteen years, but said he would so plead for "seven or eight at the most," which Mr. Moll refused to accept.

The prosecuting attorney, Mr. Moll, testified that he had two conferences with Mr. Hukriede prior to the entry of the guilty pleas. At one of these conferences appellant was present, and at both Mr. Moll stated that if appellant pleaded guilty he would receive sentences of four, five and six years, each to be consecutive. He at no time told Mr. Hukriede that appellant would receive ten years for pleading guilty. About a week prior to March 7, 1961, Mr. Moll had a conversation with appellant in which he told him that the sentences would be consecutive, and that in his opinion if he stood trial under the Second Offender Act he would receive ten years on each charge. Mr. Moll had about twenty complaints out of twenty-five bad checks. Mr. Moll testified that Mr. Hukriede was a regular practicing lawyer in the county, had represented defendants in other criminal cases, personally going to trial in them on more than one occasion, and was a man with the highest reputation among lawyers. In a letter to the sentencing judge appellant asked only that the three sentences be made to run concurrently.

Concerning the plea and sentence in Case No. 3928, the court asked Mr. Hukriede what he had to say on behalf of appellant. He answered "Well, the defendant has admitted these to me and, of course, it is more than the minimum. But the fact that there could be prosecution on more, on all of them, why, there is nothing much I can say about this." On this evidentiary hearing appellant denied his guilt of the three charges.

■ It is clear from this record that appellant's testimony that he entered the pleas of guilty because he was falsely promised that he would receive a sentence of ten years is directly contradicted by that of Mr. Moll. Mr. Moll's testimony is further that appellant would receive a total of fifteen years on a plea of guilty, and that the three sentences would be consecutive. The record does not show that appellant was intimidated by Mr. Moll as stated in the brief. As to intimidation by Mr. Hukriede, the record does not reveal any basis for the same, but it does show that Mr. Moll never told Mr. Hukriede that the sentences would total ten years. All that is shown is that in the twenty-minute discussion Mr. Hukriede told appellant that he had no defense to the charges and that he would be making a mistake in pleading not guilty. As a result of his counsel's recommendation, which does not amount to coercion, intimidation or the holding out of false promises, it was appellant's own decision to enter his pleas. Not only does the issue turn upon conflicting evidence in part, but the court was not required to believe appellant's versions, Walster v. State, Mo., 438 S.W.2d 1, 2 [2–3], considering also what Mr. Hukriede said at the time of sentencing, and what appellant responded to Mr. Moll's statement that fifteen years would be the sentences, that he would plead guilty for "seven or eight years at the most." The ruling on the first issue is not clearly erroneous. State v. Mountjoy, Mo., 420 S.W.2d 316; Crosswhite v. State, Mo., 426 S.W.2d 67; State v. Shields, Mo., 441 S.W.2d 719.

■ Appellant next contends that the sentences should run concurrently. He cites as authority a number of cases from other jurisdictions which need not be considered because the matter is well settled by cases in this state. It is clear from the court's entry of judgment from the first sentence through the third that the sentences were intended to be imposed consecutively. That intent of the court be clear is the only requirement. See State v. Fleshman, Mo., 399 S.W.2d 56, 58, where the language used by the court in the judgments is quite similar to that used here. See also State v. Jenkins, Mo., 411 S.W.2d

441, 442 [1–3] and cases cited; and State v. Kimes, Mo., 415 S.W.2d 814, 816.

■ In argument appellant says that the transcript does not show that the trial court discharged its duties and made proper inquiry before accepting the guilty pleas. He cites Rules 27.25 and 27.26, V.A.M.R., but the contention is obviously grounded upon Rule 25.04, V.A.M.R. The record here shows that appellant had counsel appointed and an opportunity was given him to confer with counsel. Thereafter, on appearance in court, appellant advised the court that he had conferred with Mr. Hukriede who stated they were ready to proceed. The informations were read and appellant stated that he understood the charges, and entered his pleas of guilty. Background information was given the court by the prosecuting attorney, allocution was granted, and the sentences were adjudged. The inquiries by the court are not as detailed and complete as those in State v. Williams, Mo., 391 S.W.2d 227, 229, where the defendant pleaded guilty without counsel and waived same. Here appellant had counsel appointed, and conferred with him. In similar circumstances, Peterson v. State, Mo., 444 S.W.2d 673 held that even though the court's investigation prior to accepting the plea was not as broad as contemplated by the rule, such did not require setting aside the guilty plea. No claim is made here by appellant that he did not understand the nature of the charges. Under these facts appellant has not sustained his burden of proof that his pleas were not voluntary, Drew v. State, Mo., 436 S.W.2d 727.

The findings and conclusions of the court in all respects are not clearly erroneous, and the judgment is affirmed.

BARRETT, and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.