Larry John SMITH, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Respondent.

Civ. A. No. 19517-3.

United States District Court,
W. D. Missouri, W. D.

Aug. 20, 1971.

Larry John Smith, pro se.

Kenneth Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of habeas corpus ordering his discharge from the Missouri State Penitentiary as having completed his state sentences. Leave to proceed in forma pauperis has previously been granted.

In his petition herein, petitioner stated that he had been convicted of second degree burglary and escaping from prison on his pleas of guilty to both offenses; that he had been sentenced by the Circuit Court of Phelps County on September 5, 1967, to a term of two years' imprisonment on the "escaping from prison" conviction, and, on September 22, 1969, to a term of two years' imprisonment on the "second degree burglary" conviction; that he did not appeal from the judgments of conviction or the impositions of the sentences; that he was "released on parole from [the] Missouri State Penitentiary, Sept. 9, 1969, arrested Sept. 17, 1969, for burglary and stealing and sentence[d] to two years [on the above mentioned date of] September 22, 1969"; that he was returned to the penitentiary to serve the latter sentence on September 23, 1969, and, therefore, with good-time credits under the provisions of § 216.355 RSMo, V.A.M.S. he is presently entitled to his discharge from custody; that he has filed a motion to vacate, set aside or correct sentence un-

der Missouri Supreme Court Rule 27.26, V.A.M.R., in the Circuit Court of Phelps County, which was denied on December 9, 1970, because petitioner's motion "did not comply with Rule 27.26"; that petitioner then filed a petition for habeas corpus in the Circuit Court of Cole County, which was denied on May 14, 1971, for failure to "exhibit a basis for relief" and a successive petition for habeas corpus in the Missouri Supreme Court which was denied on June 14, 1971, for "failure to state a claim on which any relief can be granted."

In his petition, petitioner invoked the rule of Forbes v. Haynes, Mo., en banc, 465 S.W.2d 485, that a sentence for an offense committed by. a "state prisoner under sentence but lawfully at liberty on bond or parole" was not subject to the provisions of § 222.020 RSMo requiring that sentences for offenses committed while in custody be served consecutively to the sentence under which the prisoner is in custody.[1] It appeared, however, that petitioner had completed his sentence imposed September 5, 1967, when the offense was committed. Therefore if petitioner commenced service of his two-year sentence imposed September 22, 1969, as he alleged, on September 23, 1969, he might conceivably be entitled to discharge under the "three-fourths" statute, § 216.355 RSMo, providing for release after service of three-fourths of a sentence in an "orderly and peaceable manner." After the issuance of the show cause order herein, petitioner amended his petition to contend that the "three-fourths" statute was applicable.

Respondent's response to the show cause order, however, revealed that petitioner had omitted to mention that petitioner was initially sentenced, on a conviction of burglary and stealing, by the Circuit Court of Phelps County on June 12, 1967, to a term of three years' imprisonment "to commence on the 12 day of June 1967"; that he was subsequently sentenced on September 5, 1967, on the escape conviction to a term of two years' imprisonment to commence "on the expiration of the sentence and/or sentences Defendant is now serving"; that, with good time credits, petitioner finished his initial sentence and began the second sentence on March 14, 1969; that on September 17, 1969, he was released on parole, committed the offense of second degree burglary, was sen-

---

1. In a prior published decision, Kimes v. Swenson (W.D.Mo.) 292 F.Supp. 361, this Court held that § 222.020 RSMo applied to two or more convictions based upon simultaneously-entered guilty pleas. Under the recent holding of the Missouri Supreme Court in Forbes v. Haynes, Mo., en banc, 465 S.W.2d 485, it appears that this rule would no longer be followed. Previously, however, it appeared that § 222.020 applied when sentences were given to a person already under sentence to make the sentences run consecutively, as did § 546.480 RSMo, providing that when the defendant is convicted of two or more offenses before sentence is pronounced on him, the sentences shall run consecutively. In King v. Swenson, Mo., en banc, 423 S.W.2d 699, it was held that "one or both" of the statutes "may be applicable in a given situation." In the same case, it was noted that § 222.020, supra, had been applied in State v. Testerman, Mo., 408 S.W.2d 90. See King v. Swenson, supra, at 707.

"Regarding § 222.020 it is stated in State v. Hicks, Mo., 376 S.W.2d 160, 163 [4, 5], that: 'The statute not only fixes unalterably the order of serving the sentences, but it makes them consecutive, and no provision of a judgment may change this.' To the same effect see . . . State v. Testerman, Mo., 408 S.W.2d 90, 92 [1]."
State v. Testerman, supra, in turn, was a case in which, on February 10, 1964, defendant was convicted on one offense and his sentence was fixed at two years' imprisonment. Subsequently, on February 24, 1964, he pleaded guilty and was sentenced to two other charges which, apparently under § 222.020, supra, were held to run consecutively. Consequently, in Kimes v. Swenson, supra, 292 F.Supp. 361, a case which the Missouri Supreme Court characterized in State v. Kimes, Mo., 415 S.W.2d 814, 816, as identical to State v. Testerman, supra, this Court held that § 222.020, supra, applied to three sentences meted out simultaneously, one immediately after the other.

tenced in the Circuit Court of Phelps County on September 22, 1969, to a term of two years' imprisonment "to commence at the end of the sentence yet uncompleted"; and that, according to current prison records, petitioner completed service of his second sentence on July 10, 1970, and is scheduled for release under the "three-fourths" statute on January 9, 1972.

The documents attached to the response conclusively establish that petitioner is not currently entitled to relief either under Forbes v. Haynes, *supra*, or the Missouri "three-fourths" statute. Although they show that petitioner did possibly commit the offense for which the third sentence was imposed while under sentence but at lawful liberty on parole to make inapplicable § 222.020 requiring the sentence to run consecutively in the absence of a specific court directive, they also show that the Court specifically directed in the sentence that it be served consecutively to the sentence from which petitioner had been paroled. Forbes v. Haynes, *supra*, limited its application to cases in which the "subsequent sentence contained no direction that it be consecutive and consequently an intention is thereby evinced that the sentence should be served concurrently." 465 S.W.2d at 491. The Court concluded that the sentences must run concurrently only when there were

" . . . no applicable statutes making the sentences consecutive to each other and, in the absence of direction in the sentence on the subsequent offense to that effect." *Id.*

In the case at bar, the third sentence, as well as the second, specifically directed consecutive service.

Further, the records above summarized show that petitioner is not currently entitled to release under the "three-fourths" statute and that, in fact, he has received good time credits on his sentences in excess of those authorized by that statute.

Furthermore, when petitioner is entitled to release under the "three-

fourths" statute, he should petition in the first instance in the Circuit Court of Cole County for habeas corpus. Ex parte Simpson, Mo., 300 S.W. 491; Ex parte Rody, 348 Mo. 1, 152 S.W.2d 657; DeClue v. Swenson (W.D.Mo.) 313 F. Supp. 274. From any adverse decision of that Court, petitioner should seek relief in the Missouri Supreme Court by filing a successive petition for habeas corpus. In the absence of exceptional circumstances not stated to be present in this case, only when the Missouri Supreme Court has ruled adversely to petitioner on the merits of his contentions can his state remedies be deemed exhausted for the purposes of federal habeas jurisdiction. Wilwording v. Swenson (C.A.8) 439 F.2d 1331; Cox v. Nash (W.D.Mo.) 226 F.Supp. 87; Section 2254, Title 28, United States Code.

The petition herein for habeas corpus will therefore be dismissed without prejudice to petitioner's exercising his currently available state remedies at a future time when he can state a claim for relief in the Missouri courts.

