ALBE M. SAXTON, Respondent, v. FRED. W. SMITH, Appellant.

1. *Judgments — Entry of* nunc pro tunc, *after term — Cannot be made, when.* — After the term at which final judgment is rendered, no entry can be made altering the form of the judgment unless the facts appear of record, or on the minutes of the court, or from the papers on file, to authorize such change. Such entries cannot be made from outside evidence or from facts existing alone in the breast of the judge, after the term at which final judgment was rendered.

*Appeal from Buchanan Court of Common Pleas.*

*Loan & Van Waters,* for appellant.

*Chandler & Sherman,* for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note, brought in the Circuit Court of Buchanan county, where the pleadings were made up by answer and replication. An informal order was then entered to the effect that the judge of the Circuit Court having been of counsel, the original papers be transferred to the Buchanan Court of Common Pleas. The case was docketed in the Common Pleas, and when called for trial the entry shows that both parties appeared by counsel, and by agreement submitted the case to the court, and a regular finding and judgment were rendered for the plaintiff. Afterwards, during the same term, the defendant filed a motion to set aside the judgment that had been rendered, upon the ground that the court had no jurisdiction of the case, and had no jurisdiction over him. This motion was overruled, and the defendant excepted and appealed to this court. After the appeal had been filed in this court the defendant again appeared in the Common Pleas Court, at a term long subsequent to the one when the final judgment had been entered, and filed a motion to have the original judgment entered up *nunc pro tunc,* so as to show that he was not in court and did not appear as stated in the entry of the judgment and agree to submit the case to the court. The court, after hearing oral testimony, and from the fact that the judge holding the court was the same as when the judgment was rendered, and well knew of his own knowledge that the

defendant had not appeared, ordered the entry of judgment to be corrected *nunc pro tunc*, so as to show that the defendant did not appear. To this action of the court the plaintiff excepted. If the court had the right to make the *nunc pro tunc* entry under the facts of this case, it would undoubtedly have had the right to have corrected the entry docketing the cause so as to show that it came to the court by change of venue from the Circuit Court. The entries in the Circuit Court might have been corrected in like manner, so as to show a regular change of venue and a transcript filed *nunc pro tunc*. But as the record stood when the application was made to correct the entry of the judgment, there was nothing to correct it by. During the progress of a cause and before final judgment, or after final judgment during the same term, *nunc pro tunc* entries may be made in furtherance of justice to conform the entries to the truth. But after the end of the term at which a final jugdment is rendered no entry can be made altering the form of the judgment unless the facts appear of record, or on the minutes or the dockets of the court, or from the papers on file, to authorize such change. Such entries cannot be made from outside evidence, or from facts existing alone in the breast of the judge, after the end of the term at which the final judgment was rendered. (Hyde v. Curling, 10 Mo. 359 ; The State v. Clark, 18 Mo. 432 ; Gibson v. Chouteau, 45 Mo. 171.)

The *nunc pro tunc* entry of the judgment in this case must be held a nullity, and the original judgment as entered is affirmed. The other judges concur.