WILLIAM P. McGONIGLE, Defendant in Error, v. THOMAS BRESNEN, Plaintiff in Error.

### St. Louis Court of Appeals, April 7, 1891.

Practice, Trial: AMENDMENT OF RECORD NUNC PRO TUNC. The rule, which prohibits the amendment of a record entry *nunc pro tunc*, unless the facts warranting the amendment appear from record entries, minutes or papers on file, only applies when the amendment is sought after the rendition of final judgment in the cause, and after the term at which such judgment was rendered.

*Error to the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*O. D. Jones*, for plaintiff in error.

*G. R. Balthrope*, for defendant in error

ROMBAUER, P. J.—The plaintiff recovered judgment before a justice, and the defendant appealed, but failed to give the statutory notice of appeal to the plaintiff. The appeal was returnable to the June term of the circuit court, and, at that term, the following entry was made by the clerk: "At this day come the parties hereto by their respective attorneys. Thereupon this cause is continued until the next term of this

court." At the next term of court, the plaintiff moved
for an affirmance of the judgment because he did not
have statutory notice of the appeal, but, upon discover-
ing the above record entry, he first filed a motion to
correct it *nunc pro tunc* by striking out the words, "*at*
*this day come the parties hereto by their respective*
*attorneys. Thereupon,*" so as to make the entry
show a simple continuance of the cause and nothing
more, alleging, as a ground for the motion, that the
words to be stricken out were a mere misprision of
the clerk, as he had never entered his appearance in
the cause, nor authorized anyone else to do so in his
behalf. The court first sustained the motion to correct
the record *nunc pro tunc*, and thereupon affirmed the
justice's judgment upon the plaintiff's motion. From
this judgment the defendant prosecutes this writ of
error.

It appears by the transcript that there was no
formal entry of an appearance by the plaintiff at the
June term. The clerk had written, opposite the entry
of the plaintiff's name in the judge's docket, the name
of G. R. Balthrope, who subsequently appeared as
plaintiff's attorney in making the motion to affirm.
The judge wrote opposite the case, when first reached
for hearing, "passed to June 25," and subsequently,
the exact date not appearing, the word, "continued."
These were all the entries outside of the record entry by
the clerk. Oral evidence was given by the attorneys of
plaintiff and defendant. The former testified that he
was not attorney for the plaintiff at the June term of
court, and had not entered his appearance; that the cause
was not passed by his request, nor continued by his
request, and that he never agreed either to its postpone-
ment or continuance in any manner whatever, although
he might have been in the court when the cause was con-
tinued. The defendant's counsel testified that he had
an arrangement with the counsel for plaintiff to postpone
the trial of all cases in which they were engaged, owing

to the necessary absence of plaintiff's counsel until June 24. He did not state that this case was mentioned, but only that it was not excepted. He also testified that, acting on such request, he had this case with others laid over to June 25.

The judge first heard all this evidence, but afterwards ruled it out, on the supposition, we assume, that oral evidence was inadmissible on a motion to correct any record entry *nunc pro tunc*. This ruling was incorrect. The law on this subject is thus stated in *Saxton v. Smith*, 50 Mo. 490: "During the progress of a cause and before final judgment, or after final judgment during the same term, *nunc pro tunc* entries may be made in furtherance of justice to conform the entries to the truth. But after the end of the term at which a final judgment is rendered, no entry can be made altering the form of the judgment, unless the facts appear of record, or on the minutes or the dockets of the court, or from the papers on file, to authorize such change. Such entries cannot be made from outside evidence, or from facts existing alone in the breast of the judge *after the end of the term at which the final judgment was rendered.*" The rule which excludes oral evidence, or which prevents the amendment of entries by the recollections of the judge, unaided by records or minutes, is confined in its operation to cases, wherein the records are sought to be amended after the lapse of the term at which a *final judgment* was rendered. This distinction is very clearly pointed out in Judge THOMPSON's opinion in *Evans v. Fisher*, 26 Mo. App. 541, which contains a very full and satisfactory discussion of the entire subject. Before final judgment every court of record has full jurisdiction of the case, but after final judgment and after lapse of the term, though it still retains jurisdiction of the record, it has lost jurisdiction of the case, and can regain it only in modes pointed out by the statute.

McHoney v. The German Ins. Co

While we are of opinion that the court should not have rejected the oral evidence offered, we cannot see how the fact that it did reject it can affect the validity of its judgment. This evidence, which is preserved in the transcript, fails to show that the plaintiff or his attorney did enter an appearance during the first term, or that either of them did anything which should estop the plaintiff from showing that no such appearance was entered. It is immaterial, therefore, whether the judge acted in reforming the entry of continuance upon his own recollection of the true state of facts, aided by such entries as he found upon his minutes, or whether he should have considered the oral evidence likewise, as in either case the result arrived at was warranted.

All the judges concurring, the judgment is affirmed.