THE STATE v. FRANCIS M. MASON, Appellant.—33 S. W. (2d) 895.

Division Two, December 20, 1930.

974

*Richeson & Richeson* for appellant.

*Stratton Shartel*, Attorney-General, for respondent; *Otis Patterson* of counsel.

BLAIR, P. J.—Defendant was tried in the Circuit Court of Washington County for the crime of committing an abortion upon one Opal F. Province. He was found guilty and his punishment was assessed by the jury at imprisonment in the state penitentiary for three years. From the judgment entered on such verdict, he has appealed.

The first question for determination is the correctness of the action of the trial court in overruling defendant's plea of former jeopardy. The information under which defendant was convicted was filed July 20, 1928. The offense was charged to have been committed in January, 1927. In support of his said plea, defendant offered in evidence an information filed July 27, 1927, which in language practically identical with the information in the case at bar, charged that on the ——— day of January, 1927, Francis M. Mason committed the crime of abortion upon Opal F. Province. It was further shown that defendant was tried under said information at the November Term, 1927, and that the jury failed to agree upon a verdict and was thereupon discharged.

Thereafter and at the March Term, 1928, the following record entry appears:

"Now at this time comes the Prosecuting Attorney for the State, and the defendant, Francis M. Mason, in his own proper person and by his attorneys herein, and having heretofore waived formal arraignment, and entered a plea of not guilty, both parties announce ready. Thereupon comes the following Jury, to-wit: . . .

"Twelve good and lawful men, duly elected, tried and sworn to well and truly try the issues in this cause and a true verdict render according to the law and the evidence. Now at this time comes the Prosecuting Attorney and says that he will not further prosecute this cause and voluntarily enters a *nolle prosequi.*

"It is therefore ordered, considered and adjudged by the court that the defendant, Francis M. Mason, be and is hereby discharged from his recognizance and that he go hence without day and have and recover from the plaintiff, his proper cost herein expended."

The following entry from the minutes of the March Term, 1928, at page 131, was then offered by defendant, to-wit:

"State of Missouri, :
208          vs.          :          Abortion.
Francis M. Mason. :

"Jury Selected. ......................... Sworn & Qualified.
"Then Prosecuting Attorney enters a *Nolle Pros."*

Defendant also offered files and records showing other proceedings, which we deem it unnecessary to set out here. It suffices to say that none of them tends to show that the jury was not sworn to try the issues at the March Term, 1928. The State then offered oral testimony, over the objection and exception of defendant, tending to show that, upon defendant's second trial at the March Term, 1928, the jury was not sworn to try the issues. The trial judge stated his own recollection to that effect. No record, minutes, memorandum of the trial judge, file, paper or other documentary evidence other than those put in evidence by the defendant, was offered by the State. The prosecuting attorney thereupon filed the following motion:

"Now at this day comes Edward T. Eversole, Prosecuting Attorney, on behalf of the State of Missouri, prays the court to make an order *Nunc Pro Tunc,* in the above entitled cause, causing the records, as made in the March Term, A.D. 1928, to conform to the facts, in this to-wit: whereas the records now stand, that the defendant, Francis M. Mason, was put upon his trial and a jury chosen, sworn and qualified to try the cause and charged to try the same, and the State by the Prosecuting Attorney, dismissed the cause, etc., when in fact the cause had been called for trial and the jury had been chosen, but the jury was not sworn to try the cause nor charged

to try the same, when the State by the Prosecuting Attorney, dismissed the cause.

"Wherefore the State by the Prosecuting Attorney, prays the court to make the aforesaid order, making the records of this court conform to the facts and thereby correct the error in the records of this court."

This motion was sustained and the court made and entered the following order:

"Comes now the attorneys for the plaintiff and files motion to correct record. The same after having been taken up, seen and heard by the court is in all things sustained and the record is ordered to be corrected by striking out the words 'Jury sworn to try cause' and record to read, 'Prosecuting Attorney enters *Nolle Pros.*'"

Thereupon the court overruled defendant's plea of former jeopardy over the objection and exception of defendant.

It is clear that the oral testimony of witnesses and the statement of the trial judge tending to show that the jury, at the March Term, 1928, was not in fact sworn to try the cause could not properly be received and cannot be considered to contradict the record, showing that the jury was then so sworn. The learned Attorney-General makes the following statement in his brief:

"It is conceded that a person cannot be twice placed in jeopardy for the same offense; that where a jury has been impaneled and sworn to try the case, the information being sufficient and the court having jurisdiction, that jeopardy of the person accused begins. It is also conceded that the court cannot amend its records at a subsequent term upon parol testimony or matters outside of the record and that a court cannot amend its record at a subsequent term unless there be some note or memoranda in the records to show the fact from which the amendment could be made; that a fact cannot be incorporated into the record upon what the judge or other person remembers or upon *ex parte* affidavits or upon testimony taken after the term has expired; that the court cannot make an order at a subsequent term which it might or ought to have made before, even by *nunc pro tunc* order; that in the exercise of the power of the court to amend its records the action of the court must be based on the minutes or other entries or on some papers or files in the case and not upon the judge's recollection of what took place or upon outside evidence."

It is unnecessary to cite the cases which with great unanimity hold that oral testimony is inadmissible for such purpose. But the State contends that "there was ample and adequate record evidence in the form of the minutes of the court and the pencil memoranda of the clerk in the case to show the error and to authorize the court to order the correction."

We have carefully read the evidence offered upon the plea of former jeopardy and have failed to find that any pencil memorandum of the clerk of the court was offered in evidence. The question for determination then is, whether or not the entry at page 131 of the minutes of the March Term, 1928, "Jury selected. ———— Sworn and Qualified. Then Prosecuting Attorney enters a *Nolle Pros.*" was sufficient to authorize the court, at a subsequent term by *nunc pro tunc* order, to correct the formal record entry made at the March Term, 1928, showing that the jury was then sworn to try the issues in the case and a true verdict render. If the language of the minute was inconsistent with the record entry and showed that a different order was in fact made and that the jury, although selected, was in fact not sworn to try the issues, the *nunc pro tunc* amendment of the record of the March Term, 1928, would have been authorized. [Hansbrough v. Fudge, 80 Mo. 307; Hyde v. Curling, 10 Mo. 359, 1. c. 363; Saxton v. Smith, 50 Mo. 490; Burton v. Burton, 288 Mo. 531, 1. c. 538, 232 S. W. 476.]

In Saxton v. Smith, supra, it was said:

"But after the end of the term at which a final judgment is rendered no entry can be made altering the form of the judgment unless the facts appear of record, or on the minutes or the dockets of the court, or from the papers on file, to authorize such change. Such entries cannot be made from outside evidence, or from facts existing alone in the breast of the judge, after the end of the term at which the final judgment was rendered."

Now, does the entry in the minute book for the March Term, 1928, show that the jury was merely selected and was not sworn to try the issues? We think not. The first statement of the minute is, "Jury selected." These words were followed by a period. In an ordinary trial a jury is "selected" by bringing before the court the requisite number of veniremen, swearing them to answer questions touching their qualifications to sit as jurors and try the issues, examining them as to such qualifications and challenging for cause those veniremen deemed by the parties to be disqualified. The twelve veniremen left on the panel after the allowable peremptory challenges have been made by the parties then constitute the trial jury. The jury has then been "selected." It is not qualified to try the issues until its members have taken a further oath or have been affirmed well and truly to try the issues joined and a true verdict render. That the jury at the March Term, 1928, was thus qualified appears to be the fair and natural construction of the language "Sworn & Qualified." The clerk apparently intended the minute to have such construction, for in writing up her record from such minute she showed that the jury was in fact sworn to try the issues and a true verdict render. If she did not so intend and actually for-

got that the jury had not been sworn, if it was not, she followed what we deem to be the fair and natural construction to be placed upon the words used by her in the entry made in the minute book. It is clear beyond any doubt that the entry in the minute book is not inconsistent with the formal record entry showing that the jury was sworn to try issues at the March Term, 1928.

It may well be that the jury was not actually sworn to try the case and that the record entry did not truly recite what actually occurred immediately prior to the entering of the *nolle prosequi* by the prosecuting attorney and that the truth of the matter lies in the version given in the statement of the trial judge and the oral testimony of the prosecuting attorney, sheriff or other witnesses. But the rule is well established that a judgment of a court cannot be set aside at a subsequent term upon the memory of the trial judge or upon the testimony of witnesses; no matter how credible or how great in number such witnesses may be. Solemn judgments and orders of courts cannot be permitted to be subject to disturbance or impeachment upon the mere recollection of witnesses. It is better that hardships be inflicted in a particular case than that judgments be exposed to and endangered by the oral testimony of witnesses who might not always be as truthful and disinterested as in the case at bar.

We must therefore rule that there was here no written memorandum of the trial judge, minute of the clerk, file or other paper in the case authorizing the amendment of the record *nunc pro tunc* so as to show that at the March Term, 1928, the *nolle prosequi* was entered and the defendant was discharged after the jury was selected, but before it had been sworn to try the issues in the case.

As the record shows that at a prior term of a court of competent jurisdiction and upon a good and sufficient information, defendant was put upon his trial for the identical offense, that the jury was then sworn to sit in judgment upon the issues of fact concerning his guilt or innocence of the identical crime of which he was subsequently convicted, we must hold that he was improperly put in jeopardy a second time.

The State urges that defendant's plea of former jeopardy was not established because it was not shown that he was the same person charged in an information and tried at the March Term, 1928. The cases cited are those where proof was manifestly required to show either that the defendants in those cases were the same or the crimes charged were identical. We have carefully compared the two informations here involved and find them to be identical in all material respects. The names of the defendant and the prosecuting witness, the date of the alleged offense, the place where it was alleged to have been committed and the means by which

the alleged abortion was accomplished are set out in identical language in both informations. The one last filed and upon which defendant was convicted is apparently an exact copy of the first one, except for slight differences in most unimportant details. From the circumstance that the name "Francis M. Mason" appears in both informations as the name of the defendant, an inference of fact arises that they are one and the same person (22 C. J. 92, sec. 32; State v. Court, 225 Mo. 609, l. c. 615, 125 S. W. 451) and defendant was not required to produce further evidence of the identity of the persons charged in the two informations.

Aside from this, the fact that defendant was the person charged in the first information was effectually conceded by the State in its motion for the order *nunc pro tunc* when it asked that the record of the March Term, 1928, showing "that the defendant, Francis M. Mason, was put upon his trial," etc., be corrected *nunc pro tunc*. The trial court could not possibly have overruled the plea of former jeopardy on the ground of the failure of proof as to defendant's identity.

In the view we take that the record conclusively shows that defendant was put in jeopardy at the March Term, 1928, he could not legally be tried again and be convicted in the trial which we are here reviewing. It, therefore, becomes unnecessary to consider other assignments of error made in the briefs.

The judgment is reversed and the defendant is discharged. All concur.