**STATE of Missouri, Respondent,**

**v.**

**Royal S. FLESHMAN, Appellant.**

**No. 51501.**

Supreme Court of Missouri,
Division No. 1.

Feb. 14, 1966.

Norman H. Anderson, Atty. Gen., Donald L. Randolph, Asst. Atty. Gen., Jefferson City, for respondent.

Taken as submitted by appellant.

HYDE, Presiding Judge.

Appeal from order denying petitioner's motion to set aside judgment and sentence under Rule 27.26, V.A.M.R. Petitioner's claim is that five sentences imposed June 27, 1940 by the Circuit Court of Gasconade County run concurrently and not consecutively.

The transcript in this case shows: "[T]he following docket entries were made on the docket sheets of five cases against appellant brought by the State of Missouri, filed in the Circuit Court of Gasconade County, to-wit:

"No. 1—Defendant enters plea of guilty and punishment assessed at 6 years for burglary and 2 years for larceny in the Penitentiary.

"No. 2—Defendant enters plea of guilty and punishment assessed at 6 years for burglary and 2 years for larceny in the Penitentiary, commencing at the termination of Sentence No. 1.

"No. 3—Defendant enters plea of guilty given 10 years for burglary and 4 years for larceny commencing at the termination of Sentence No. 2.

"No. 4—Defendant enters plea of guilty given 2 years in Penitentiary for breaking jail, commencing at termination of Sentence No. 3.

"No. 5—Defendant enters plea of guilty and punishment assessed at 10 years in the State Penitentiary. Sentence to begin at the termination of Sentence No. 4."

The transcript further shows relevant parts of the judgments entered June 27, 1940, as follows:

No. 1—"* * * [I]t is therefore sentenced, ordered and adjudged by the Court that the said Defendant, Royal S. Fleshman, having plead guilty as aforesaid, be confined in the Penitentiary of the State of Missouri, for a period of 6 years for Burglary and 2 years for Larceny from the 27 day of June, 1940, * * *."

No. 2—"* * * [I]t is therefore sentenced, ordered and adjudged by the Court that the said Defendant, Royal S. Fleshman, having plead guilty as aforesaid, be confined in the Penitentiary of the State of Missouri, for a period of 6 years for Burglary and 2 years for Larceny from the 27th day of June, 1948, or commencing at the termination of Sentence No. 1, * * *."

No. 3—"* * * [I]t is therefore sentenced, ordered and adjudged by the Court that the said Defendant Royal S. Fleshman, having plead guilty as aforesaid, be confined in the State Penitentiary of Missouri, for a period of 10 years for Burglary and

4 years for Larceny, from the 27th day of June, 1956, or commencing at the termination of Sentence No. 2, * * *."

No. 4—" * * [I]t is therefore sentenced, ordered and adjudged by the Court that the said Defendant Royal S. Fleshman, having plead guilty as aforesaid, be confined in the State Penitentiary of Missouri, for the period of 2 years for Breaking jail from the 27th day of June, 1970, or commencing at the termination of Sentence No. 3, * * *."

No. 5—" * * [I]t is therefore sentenced, ordered and adjudged by the Court that the said Defendant Royal S. Fleshman, having plead guilty as aforesaid, be confined in the State Penitentiary of Missouri, for a period of 10 years for Stealing Automobile from the 27th day of June, 1972, or commencing at the termination of Sentence No. 4, * * *."

■ We do not see how the court could have more clearly indicated that these sentences were to run consecutively continuing petitioner's imprisonment until 1982. Petitioner has filed certified copies "of the minutes of our said circuit court docket of Judge R. A. Breuer" all of which show similar entries, such as "Defendant enters plea of guilty and punishment assessed at 6 years in Penitentiary for Burglary and 2 years in Penitentiary for Larceny. Sentenced." These entries, on which petitioner relies, are not the sentences but only indicate the punishment assessed in each case and show that defendant was sentenced. The sentences are shown in the judgments entered and these provisions of the sentences hereinabove set out control. See 30A Am.Jur. 167, 225, Judgments, Secs. 12 and 92; see also 49 C.J.S. Judgments, § 4, p. 28, note 35. The minutes in the Judge's docket are not inconsistent with the sentences which show the final action, judgment and sentence of the court.

■ As we said in State v. Shell, Mo. Sup., 299 S.W.2d 465, 467: "It has long been established that the court may, in its discretion, under circumstances such as existed in the cases under consideration, impose either cumulative or concurrent sentences. The only requirement is that the judgments should clearly reveal the intent of the court in that respect. Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47. It was explicitly provided in the five judgments under review that the sentences were cumulative and that they were to be served consecutively." See also State ex rel. Dalton v. Blair, 365 Mo. 1167, 294 S.W.2d 1. We hold the judgments herein do clearly reveal the intent of the court to impose cumulative sentences to be served consecutively and not concurrently.

Therefore the court properly denied petitioner's 27.26 motion and its order is affirmed.

All concur.