Danny Ray WOLFE, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29870.

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 27, 1978.

Application to Transfer Denied
Jan. 8, 1979.

Roger M. Prokes, Maryville, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

## PER CURIAM:

On a plea of guilty to burglary in the second degree, defendant was sentenced to eight years in prison. Thereafter he filed the present motion under Rule 27.26 to set aside the conviction. The trial court held an evidentiary hearing, made findings of fact and denied the motion.

Defendant appeals upon the following two points: "I. The court erred in finding the movant expressly and voluntarily waived his preliminary hearing although he was not represented by counsel and had expressed his desire for representation. II. The court erred in finding that movant was accorded an adequate hearing prior to sentencing on movant's motion to withdraw his guilty plea."

██ With respect to Point I, defendant's voluntary plea of guilty constituted a waiver of any irregularity with respect to nonrepresentation at the preliminary hearing. *Stanfield v. State*, 442 S.W.2d 521 (Mo.1969); *Hegwood v. State*, 465 S.W.2d 476 (Mo.1971); *Geren v. State*, 473 S.W.2d 704 (Mo.1971). In any event, the trial court found that defendant voluntarily waived preliminary hearing and his appearance without counsel at that time was by his own choice. Those findings are not clearly erroneous and therefore support the denial of relief on this ground. Rule 27.26(j).

██ With respect to Point II, that presents nothing for review because of inadequacy under Rule 84.04(d). *Thummel v. King*, 570 S.W.2d 679 decided September 12, 1978. We have nevertheless reviewed this complaint and find no reversible error. No particular form of hearing is required under Rule 27.25 on a motion to withdraw a guilty plea. Provisions regarding hearing are specified for motions to set aside sentence under Rule 27.26, and those hearing provisions were meticulously followed by the trial court; defendant does not even contend to the contrary. Everything was developed at the latter hearing which could possibly be relevant to the earlier motion to withdraw the guilty plea. The 27.26 hearing overlapped the 27.25 hearing, and the unquestionable sufficiency of the 27.26 hearing eliminates any possible complaint as to the form of the earlier 27.25 hearing. No error of law appears with respect to this matter.

Further elaboration of this opinion would have no precedential value, and the judgment is therefore affirmed under the provisions of Rule 84.16(b).

## MEMORANDUM OPINION ON MOTION FOR REHEARING

## PER CURIAM:

Defendant has moved for rehearing or transfer to the Supreme Court on the ground that *Peterson v. State*, Supreme Court en banc 572 S.W.2d 475, just decided on November 6, 1978, overrules prior decisions concerning the requirements for waiver of counsel by a criminal defendant. *Peterson* holds that use of the written form of waiver prescribed by § 600.051, RSMo Supp. 1976 is mandatory, and failure to use it is reversible error.

**455**

We construe § 600.051 to apply only when a case has reached the stage of disposition by sentencing or an order of probation, parole or suspension of sentence. The case had reached such a stage in *Peterson*. The present case had not reached such a stage when the preliminary hearing was being held before a magistrate, and failure to take a § 600.051 written waiver at that point cannot be deemed a fatal error. Counsel was thereafter appointed, and the plea of guilty in the Circuit Court waived any defect in lack of counsel at the preliminary hearing.

The motion for rehearing is denied and the motion for transfer is overruled.