STATE OF NEBRASKA, APPELLEE, V. KENDELL N. RADFORD, APPELLANT.

276 N. W. 2d 82

Filed February 27, 1979. No. 42174.

Dean E. Erickson, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a post conviction proceeding. The defendant was convicted in the county court of second offense operating a motor vehicle while his operator's license was suspended and was sentenced to 6 months imprisonment in the county jail. No appeal was taken from the judgment and the defendant commenced serving the sentence.

On January 31, 1978, the defendant filed a petition in the county court seeking post conviction relief on the grounds that the county court should have appointed counsel for the defendant and that he was denied his right to trial by jury. The county court dismissed the petition and on appeal to the District Court the judgment was affirmed. The defendant has appealed to this court.

The record shows the defendant was first arraigned in the county court on August 9, 1977. At that time the county judge explained that the defendant had a right to be represented by an attorney, and if he could not afford an attorney, one would be appointed at public expense. The county judge also explained that the defendant had a right to trial by jury. The defendant stated that he understood the explanation of his rights; that he wished to be represented by an attorney, but was unable to retain one; and that he wanted to be represented by an attorney at public expense.

The defendant was then examined under oath by the county judge. The defendant testified that he was employed at Petersen's Vise Grips earning "about 116 every four days." He was single and had no cash or bank accounts. He owned no other property except an automobile, on which he owed more than it was worth.

The county judge then denied the defendant's request for the appointment of an attorney at public expense and continued the matter until August 16, 1977, so that the defendant could see if he could retain and talk with an attorney before entering a plea.

On August 16, 1977, the defendant appeared without an attorney and stated that he wished to plead not guilty and represent himself. After further questioning the defendant stated that he wanted "just an ordinary trial" without a jury. The trial was then set for October 17, 1977. The county judge

recommended to the defendant that he obtain counsel and suggested he talk to an attorney and find out what the expense would be.

On October 17, 1977, the defendant appeared for trial without counsel. The county judge summarized what had happened before stating that the defendant had pleaded not guilty and had waived a jury trial. The defendant stated that this was correct; that he was present without an attorney; and that he was prepared to proceed with the trial. The trial proceeded and the defendant was found guilty of driving on a suspended license on July 31, 1977. The matter was then continued until October 20, 1977, for the determination as to whether it was a second offense.

On October 20, 1977, the defendant appeared in the county court with James Sharp, an attorney. Sharp was unable to represent the defendant because of a conflict of interest. The matter was continued until October 21, 1977, at which time the defendant appeared with his present counsel.

The principal issue in this case is whether the finding of the county judge that the defendant was not indigent is supported by the evidence. Section 29-1804.04, R. R. S. 1943, defines indigency as "the inability to retain legal counsel without prejudicing one's financial ability to provide economic necessities for one's self or one's family."

At the time the defendant appeared before the county judge claiming to be an indigent he testified he was earning $116 per week and was single. Although the record indicates the defendant became unemployed before the date of the trial, the record does not show this information was communicated to the county judge until November 10, 1977. The defendant made no effort to obtain counsel at his own expense until after he had been found guilty on October 17, 1977, more than 60 days after his first appearance in the county court. There is some sug-

gestion in the record that the defendant preferred to represent himself if he could not obtain counsel at public expense before trial.

Although this is somewhat of a borderline case, we think the record sustains the finding of the county judge that without a further showing of inability to obtain counsel the defendant was not entitled to the appointment of counsel at public expense. The evidence developed at the post conviction hearing did not show otherwise.

The record fully sustains the finding of a waiver of trial by jury.

The judgment of the District Court is affirmed.

AFFIRMED.