STATE of Missouri, Respondent,

v.

Lillie DOWDELL, Appellant.

No. KCD 30142.

Missouri Court of Appeals, Western District.

June 11, 1979.

Rita M. Montgomery, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Hope E. Thurrott, Special Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and CLARK, JJ.

CLARK, Judge.

Lillie Dowdell was convicted by a jury of the offense of perjury and was sentenced to a term of seven years. The issue on this appeal is denial of appellant's right to representation by counsel at trial. Reversed and remanded.

Appellant was charged by information filed February 23, 1977. The first trial setting was April 20, 1977. On that date appellant appeared with private counsel who, it is inferred, had earlier been retained by appellant and had entered his appearance on her behalf. Such conclusion is drawn from the docket entry of that date which reflects the filing of a motion by appellant's counsel seeking leave to withdraw and the motion itself which recites the prior entry of appearance.

Further discussion among the court, appellant and counsel as to withdrawal and substitution of counsel for appellant continued at docket calls until June 6, 1977. On that date appellant appeared personally together with the prosecuting attorney and appellant's attorney, although absent, was granted leave to withdraw in accordance with his motion previously filed. A subsequent letter from that attorney to appellant and reproduced in the supplemental transcript indicates a source of disagreement to have been a financial commitment unfulfilled.

Various trial settings subsequent to April 20, 1977 at which appellant appeared without counsel followed, but the case was successively continued either because not reached or by reason of requests for continuance. On September 14, 1977, another continued trial date, appellant informed the court that she had tentatively employed an attorney, one Larry Bryson, subject to agreement on fee arrangements. The court reviewed the history of continuances in the case, appointed the public defender to represent appellant and announced that the case would be tried at the next setting "either with Mr. Bryson or the defender's office or yourself representing yourself in this matter".

On September 20, 1977, the court received a letter from Larry Bryson advising that he had not been retained by appellant. A motion by the public defender to withdraw as appellant's attorney was filed October 19, 1977 and was granted by the court October 24, 1977. No notice of the filing of the motion by the public defender to withdraw or of the order granting leave to withdraw was given to appellant.

On October 31, 1977, pursuant to an earlier docket entry setting the case, it was called for trial. Appellant appeared pro se, announced that she was not prepared to proceed because she did not have an attorney and requested time to consult or employ counsel. The request was denied and trial proceeded with appellant defending herself unassisted.

In the consideration of this case, it is first necessary to address the question of the untimely filing of appellant's motion for new trial. On the date of rendition of the verdict, October 31, 1977, the court granted an additional thirty days for filing the motion, a period which expired December 10, 1977. That date passed with no action taken. On December 27, 1977, present counsel entered an appearance for appellant and was given until January 27, 1978 to file a motion.

Such order was beyond the jurisdiction of the trial court which jurisdiction had been exhausted by the original extension of thirty days. Rule 27.20. A motion for new trial was, however, filed on January 26, 1978, was heard by the court on February 27, 1978 and was overruled March 13, 1978. This appeal followed.

■ On the above state of the record, failure of appellant to file timely a motion for new trial preserves nothing for appellate review. *State v. Morris,* 518 S.W.2d 78 (Mo.App.1974). In appropriate cases, however, Rule 27.20(c) authorizes the court to consider plain error even though not preserved. To invoke the plain error doctrine, it must appear that there is a sound, substantial manifestation and a clear showing that injustice or a miscarriage of justice will follow if the rule is not applied. *State v. Davis,* 566 S.W.2d 437, 447 (Mo. banc 1978).

■ We conclude that the trial court was obligated to secure from appellant a knowing and intelligent waiver of counsel, appoint counsel or make a finding that appellant could afford to pay counsel and having complied with none of these alternatives, manifest injustice resulted when appellant was compelled to proceed to trial without counsel. Review of the case is therefore accepted pursuant to Rule 27.-20(c), it being also observed that expiration of the time allotted for filing the new trial motion occurred before entry of counsel on appellant's behalf.

■ The right of an accused to counsel at trial is of constitutional stature. *Gideon*

*v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Absent a knowing and intelligent waiver, no person may be imprisoned unless he was represented by counsel at trial. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Where a defendant has appeared pro se, the burden is on the state to show that the defendant voluntarily waived his right to counsel with understanding of his rights and of the consequences. *State v. Tilley,* 548 S.W.2d 199 (Mo.App.1977).

No suggestion may be made here that appellant waived her right to counsel intentionally or knowingly. Rather, the trial commenced after her request for additional time to obtain counsel had been overruled. At most it can only be claimed that waiver of counsel is to be inferred on the premise that appellant was financially able to employ counsel, was afforded sufficient time to do so but failed to exercise the right and, hence, waived the right.

 The record in this case eliminates any possibility for concluding that appellant inferentially by her conduct waived her right to counsel. In recognition of the prospect that appointment of counsel was indicated, the court did, as noted, appoint the public defender to represent appellant and later confirmed that such had been the purport of the September 14, 1977 order by entertaining and granting a motion for leave for appointed counsel to withdraw. While the charge upon the public defender to prepare appellant's case for trial on the contingency that other counsel possibly would enter the case presented a potentially vexing problem, appellant was entitled to assume until the morning of trial that the public defender would represent her as she was given no notice of the earlier motion and order under which the public defender withdrew and she was otherwise unrepresented.

 Apart from the failure of notice to appellant that the public defender was seeking to withdraw and was later granted leave to do so within one week of the date set for trial, a further omission enhances the status of appellant's claim. Rule 29.-

01(d) imposes a duty on the court to assure continuous representation of a criminal defendant once counsel is appointed. Under the rule, the court is required to appoint new counsel when previously appointed counsel is permitted to withdraw. In the present· case, entry of the order granting leave to the public defender to withdraw obligated the court to appoint substitute counsel and trial should not have proceeded in the absence of compliance with the rule.

The record is deficient in the matter of appellant's ability to employ counsel or, conversely, her indigency entitling her to appointed counsel. On June 8, 1977, the occasion of a docket call of the case, the court conducted a brief inquiry of appellant regarding her employment and approximate income and admonished appellant that she must either have counsel or be prepared to defend herself. Similar colloquies followed at docket calls on July 26, 1977 and September 14, 1977. On the latter date, the court did, as earlier noted, appoint the public defender to represent appellant and included an observation that by reason of appellant's employment and ability to pay, the expense of furnishing representation could be taxed as costs.

Immediately prior to the commencement of trial on October 31, 1977, further interrogation of appellant by the court as to her ability to employ an attorney provided only limited information. From her employment at the University Medical Center, appellant had gross earnings of $280.00 for two weeks and net earnings of $150.00 to $160.00. She had no dependents. The only additional information available to and relied on by the court to determine appellant's entitlement to appointed counsel was a letter dated October 12, 1977 addressed to the trial judge by the public defender stating that the public defender would not represent appellant because she was not indigent and did not qualify for their services. Additional .comment by the court at the pre-trial proceedings on October 31, 1977 discloses an acceptance of the public defender's inquiry and decision regarding appellant's indigency as conclusive on the subject.

Section 600.046, RSMo Supp.1976 requires the court to appoint counsel to represent an indigent defendant charged with a felony. Determination of indigency is a finding required by Section 600.086, RSMo Supp.1976 to be made by the court "through suitable inquiry into the financial circumstances of the person and his immediate family with regard to their assets, income, debts and family obligations, and such other matters as may be relevant, including the nature of the charge and the probable cost of adequate legal representation". The test of financial ability to pay for the services of an attorney is to ascertain if the evidence shows the person can do so without substantial hardship to himself. *State v. Brown,* 557 S.W.2d 687 (Mo. App.1977).

In this case, the trial court did not make the inquiry as to appellant's financial circumstances which the statute requires. No information was before the court concerning appellant's debts or assets, her personal living expenses or the prospective cost of defense counsel fees. The fact that appellant did have net disposable income of $75.00 to $80.00 per week from employment does not alone suggest a presumptive capability to retain private counsel.

Although the public defender apparently made some investigation regarding appellant's financial resources he made no factual report to the court, only the conclusion indicated by the record. The duty of ascertaining indigency and qualification for and appointment of counsel is a function to be performed by the court and may not be delegated to the public defender as was apparently done here. In permitting the public defender to withdraw and requiring appellant to proceed to trial pro se upon her failure to employ counsel, the court resolved the issue of appellant's entitlement to appointed counsel without the requisite information.

From the foregoing, it must be concluded that appellant did not waive the right to counsel at trial and the court erred in permitting appointed counsel to withdraw and in requiring appellant to proceed to trial without an attorney.

The judgment is reversed and the cause remanded for a new trial.

All concur.