STATE of Missouri, Respondent,

v.

Mark YARDLEY, Movant-Appellant.

No. 12506.

Missouri Court of Appeals,
Southern District,
Division Two.

June 24, 1982.

Motion for Rehearing and to Transfer to
Supreme Court Denied July 23, 1982.

Application to Transfer Denied
Sept. 13, 1982.

James R. Spradling, Esterly, Spradling & Checkett, Carthage, for movant-appellant.

John Ashcroft, Atty. Gen., John C. Reed, William K. Haas, Asst. Attys. Gen., Jefferson City, for respondent.

MAUS, Chief Judge.

A jury found the appellant guilty of the class C felony of burglary in the second degree. He was sentenced to imprisonment for two years. His points on appeal relate to the refusal of the trial court to find he was indigent and appoint a lawyer for him. The appellant represented himself in the trial of his case.

The history of the case is of significance. On January 13, 1981, a complaint was filed. On January 14, 1981, the appellant posted bond. On January 20, 1981, although he had been advised that if he made professional bond he could hire counsel, the appellant appeared without a lawyer. On February 20, 1981, the appellant again appeared without a lawyer and the associate circuit court appointed a lawyer for him "for the purpose of preliminary hearing only." On February 24, 1981, a preliminary hearing was held and the appellant was bound over to the circuit court.

On March 2, 1981, the appellant appeared in the circuit court with the lawyer appointed for his preliminary hearing. He entered a plea of not guilty. The case was set for trial on July 24, 1981. The appellant appeared without a lawyer. Prior to that date the circuit court learned of the limited nature of the appointment of the lawyer that appeared with appellant. The circuit court also learned that a lawyer who represented the appellant in another criminal case would not represent the appellant in this case. The circuit court interrogated the appellant concerning his financial condition and found he was not indigent. In response to a question by the court, the defendant said that if the case was continued to August 31, 1981, he could hire a lawyer. At the close of the proceedings on July 24, 1981, the court asked the following question: "You can and will hire an attorney?" and the appellant gave the following answer: "Yeah." On August 31, 1981, the state for the second time was ready for trial. The appellant, however, again appeared without a lawyer. The appellant said he had talked to one lawyer who wanted $600 in advance before he would take the case. The court again reviewed the appellant's financial condition and told him he was not indigent. The appellant said he did want a jury trial, there was no use in continuing the case as he had no money and that he was ready to represent himself and try the case. To that the court replied, "You may think you are."

The case was continued to September 9, 1981, and the court admonished the appellant the case would be tried on that date whether or not he had a lawyer. On September 9, 1981, the defendant again appeared without a lawyer. The court again reviewed the appellant's financial condition

and was informed the appellant had made no effort to obtain a lawyer. The appellant guessed he was ready for trial. The jury trial followed.

The appellant's first point is that the circuit court erred in finding that he was indigent and in not appointing a lawyer for him. This point is based upon a handwritten entry on the judge's docket on September 9, 1981, which reads as follows: "Court finds once again that defendant is indigent and both sides announce ready for trial."

■ The transcript shows that on the appellant's two prior appearances the circuit court reviewed the financial condition of the appellant and found he was *not* indigent. On September 9, 1981, the appellant's financial condition was virtually identical to that on the prior occasions. It was upon the basis of this information the docket entry was made. It is obvious there was an unintentional omission of the word "not" in the docket entry.

This is established by the formal judgment entry of September 9, 1981. That entry includes the following: "The court further finds the Defendant is financially able to employ counsel and has had a sufficient opportunity so to do but has voluntarily chosen not to employ counsel." There was no motion to correct the judgment entry. *State v. Mason*, 326 Mo. 973, 33 S.W.2d 895 (1930). In these circumstances the formal judgment entry is controlling. *State v. Fleshman*, 399 S.W.2d 56 (Mo.1966); *Plant v. State*, 608 S.W.2d 91 (Mo.App.1980).

■ This conclusion is also directed by the fact the evidence supports a determination that the appellant was not indigent. In general that evidence established he was single and had no dependents. He lived in a trailer on his parents' property. He owned the trailer and a 1969 automobile. He owed about $1,000 including $500 to his former lawyer. He had no fixed schedule of payments. His take-home pay was approximately $103 per week. From July 1, 1981, to the date of trial he had earned in excess of $1,000. During that period he made some volunteer payments to his parents and $250 upon a dental bill. He made one perfunctory effort to obtain a lawyer.

Section 600.086 provides: "A person shall be considered indigent when it appears from all the circumstances of the case that the person does not have the means at his disposal or available to him to obtain counsel in his behalf." It has been said that a defendant is entitled to appointed counsel if his employment of counsel would cause a substantial hardship to him. *State v. Dowdell*, 583 S.W.2d 253 (Mo.App.1979); *State v. Brown*, 557 S.W.2d 687 (Mo.App.1977). The evidence established the appellant had the means to obtain counsel without a substantial hardship to himself. Compare *State v. Timmons*, 218 Kan. 741, 545 P.2d 358 (1976); *State v. Thompson*, 253 N.W.2d 608 (Iowa 1977); *State v. Radford*, 202 Neb. 440, 276 N.W.2d 82 (1979).

The appellant's second point is that his conviction must be reversed because he did not waive his right to a lawyer in writing. This point is based upon § 600.051 which in part provides a court "may permit a waiver of counsel to be filed in any criminal case" if the court deems the defendant has made a knowledgeable and intelligent waiver of the right to counsel "and the waiver is signed before and witnesses by the judge or clerk of the court". In *Peterson v. State*, 572 S.W.2d 475 (Mo. banc 1978) a defendant waived the right to counsel and entered a plea of guilty. The form prescribed by § 600.051 was not executed or filed. Compliance with § 600.051 was held to be mandatory and failure to do so, irrespective of actual prejudice, to be reversible error[1].

■ In this case the appellant did not expressly waive counsel. In fact, he said he wanted counsel but refused to employ a lawyer. If it is to be said that the appellant waived counsel, it is a waiver implied by his actions. A fair construction of § 600.051 is that it applies only to express waivers. To construe that section otherwise would create a vehicle by which a procedurally wise defendant could frustrate

1. A similar situation was construed in like manner in *State v. Andrews*, 5 Kan.App.2d 678, 623 P.2d 534 (1981).

the administration of justice. *Com. v. Wentz*, 280 Pa.Super. 427, 421 A.2d 796 (1980). Of course, a non-indigent defendant who says he wants a lawyer but refuses to employ one should be admonished of the perils of self-representation. *State v. Edwards*, 592 S.W.2d 308 (Mo. banc 1979). He should also be given such advice as is necessary to establish he acts "knowingly and intelligently" within the meaning of *Von Moltke v. Gillies*, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1947). However, this court holds that § 600.051 does not apply to the action of a defendant in refusing to hire a lawyer[2].

The judgment is affirmed.

PREWITT, P. J., and BILLINGS and GREENE, JJ., concur.

### ON MOTION FOR REHEARING

PER CURIAM:

By his motion the appellant asserts he should be granted a rehearing or the case should be transferred because the trial judge did not advise the appellant concerning the perils of self-representation and that the appellant did not act knowingly or intelligently. Rule 29.11, with exceptions not here applicable, provides "allegations of error to be preserved for appellate review must be included in a motion for new trial." Rule 30.20, with exceptions not here applicable, provides "allegations of error not briefed on appeal will not be considered by the appellate court."

 The point the appellant would belatedly present was not raised in his motion for a new trial. It was not briefed on appeal. It is not for consideration by the court.

 If the point should be considered, it would be determined adversely to the appellant. The record shows he had experience in respect to criminal cases. He had a jury trial in which he was represented by counsel a short time before the trial in question. The trial court repeatedly admonished the appellant to get a lawyer.

When the trial court told the appellant he only thought he was ready without a lawyer, the message was clear. Further, an occurrence immediately after the verdict was returned must be noticed. After the time within which the appellant had to file a motion for a new trial was fixed, the trial court admonished the appellant to get a lawyer without delay. To that appellant replied, "I have got one, as far as that goes." This statement can carry no connotation other than the conclusion the services of a lawyer had been available to the appellant. However, as a matter of tactics, he chose to proceed without a lawyer.

In the remaining points of his motion the appellant again argues that he was indigent and rehashes other issues. This is contrary to Rule 84.17. The motion for rehearing or transfer is overruled.

All concur.

---

**2.** It does not apply to the waiver of counsel at a preliminary hearing. *Wolfe v. State*, 574 S.W.2d 453 (Mo.App.1978). Nor does it apply

where there is "hybrid" representation. *State v. Harper*, 637 S.W.2d 170 (Mo.App.1982).