**STATE of Missouri, ex rel., Carla Wood TANZEY, Relator,**

v.

**The Honorable Roy L. RICHTER, Respondent.**

No. 55528.

Missouri Court of Appeals,
Eastern District,
Writ Division One.

Jan. 10, 1989.

Carla Wood Tanzey, Public Defender, Mexico, for relator.

Timothy M. Joyce, Pros. Atty., Warrenton, for respondent.

DOWD, Presiding Judge.

Relator, a public defender, challenges the trial court's order appointing her as coun-

---

sel for defendant. Defendant was charged with the class C felony of receiving stolen property. Relator originally accepted appointment in this case pursuant to defendant's application for public defender services. This application stated, among other things, that defendant owned no house or land. After accepting the appointment, relator learned that defendant had transferred property valued at $57,000 to his mother for $1. The property was encumbered by back taxes of $727.04 and a deed of trust of $7,930.95. Relator then rejected defendant's application for public defender services on the grounds that he was not indigent. Defendant appealed this denial and a hearing followed. After the hearing, the judge found as follows:

> The Court finds that Defendant is not indigent, but has intentionally divested himself of a valuable asset by executing a Quit Claim deed to his mother to property worth at least $40,000 for the nominal price of $1.00. The Court further finds that the Defendant claims that he has no access to funds with which to hire an attorney and that this cause has been remanded for re-trial. The Defendant is steadfast in his request for appointed counsel and does not wish to represent himself at trial, and maintains that he does not have access to funds with which to hire counsel. The Court finds that the Defendant must be represented by counsel and hereby appoints the Public Defender to represent the Defendant at the trial of this cause, even though the Court finds that the Defendant is not indigent, based on Defendant's refusal to hire counsel of his own choosing.

■ Relator argues that the court exceeded its jurisdiction in making this appointment because section 600.086.1, RSMo 1986, did not give the court authority to make an appointment in this situation. That statute states that a person shall be eligible for representation by a public defender if it appears "that the person does not have the means at his disposal or available to him to obtain counsel in his behalf

*and* is indigent." (emphasis added). A non-indigent defendant who wants counsel but refuses to hire one will be allowed to proceed pro se. *State v. Yardley*, 637 S.W. 2d 293, 295 (Mo.App.1982). Of course, the trial court should attempt to have the defendant sign a written wavier of counsel as required under section 600.051, RSMo 1986. Defendant's refusal to sign a written waiver will not, however, provide him with a means to avoid a trial on the charge against him. *Yardley*, 637 S.W.2d at 295. The judge should warn the defendant of the dangers of self-representation so that he may knowingly make a choice to proceed pro se. *State v. Stark*, 706 S.W.2d 899, 900 (Mo.App.1986).

■ In the case at bar, the judge found the defendant to be non-indigent but appointed counsel on the theory that a criminal defendant must be represented at trial. This is clearly not the law. The court's finding of non-indigency rendered defendant ineligible for public defender services and placed on him the burden of obtaining counsel. If he refuses to hire an attorney, he must proceed without one. The court had no jurisdiction to appoint counsel in this situation. "Prohibition is proper to prevent the exercise of non-existent jurisdiction." *State ex rel. Eagle Oil Co. v. Tillman*, 712 S.W.2d 20, 22 (Mo.App.1986).

Respondent is directed to withdraw his order appointing relator as counsel for defendant. The preliminary order in prohibition is made absolute.

PUDLOWSKI, C.J., and KAROHL, J., concur.