STATE of Missouri, Respondent,

v.

Rex J. GIST, Appellant.

No. 16809.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 1990.

Rehearing Overruled Nov. 16, 1990.

Jeff Marquardt, Springfield, for appellant.

Thomas E. Mountjoy, Greene Pros. Atty., Margaret M. Ellis, Asst. Pros. Atty., Springfield, for respondent.

HOGAN, Judge.

The Associate Division of the Circuit Court of Greene County has found defendant Rex Junior Gist guilty of driving while intoxicated as defined and denounced by § 577.010.1, RSMo 1986. The defendant was sentenced to serve sixty days in the Greene County jail and to pay a fine of $280. The court suspended execution of the sentence, both confinement and payment of the fine, and ordered the defendant to perform forty hours of community service. The defendant has appealed.

The record laid before us shows that by two-count information filed in the Associate Division of the Circuit Court of Greene County on July 22, 1987, defendant was charged with driving while intoxicated in violation of § 577.010, RSMo 1986, and it was further alleged that the defendant had pled guilty "to a charge of DWI" in Associate Division I of the Circuit Court of Greene County on November 1, 1985. In Count II of the information, defendant was charged with careless and imprudent driving in violation of § 304.361, RSMo 1986.

On July 27, 1987, an attorney entered his appearance for the defendant. This attorney filed a motion to dismiss, a motion for a bill of particulars, a motion for discovery, and a request for disclosure by order of the court. On September 6, 1988, the cause was set for a jury trial on October 3; on October 3, a jury was waived. On Novem-

ber 14, 1988, the cause was set for trial to the court on December 9. On December 20, 1988, a judgment was entered which states that the defendant withdrew his plea of not guilty and entered a plea of guilty to the charge of driving while intoxicated, second offense. The defendant was sentenced to serve sixty days in the Greene County jail. Execution of the jail sentence was suspended. The defendant was placed on unsupervised probation for a period of two years and was ordered to participate in a program for the treatment of alcohol abuse. He was also ordered to perform forty hours of community service. It was further ordered that upon proof of payment of the appropriate program fee, defendant's fine would be remitted. The charge of careless and imprudent driving was dismissed.

On December 23, 1988, upon motion filed by the defendant, his plea of guilty was set aside by the trial court and trial of the cause was set for March 29, 1989. On March 29, the parties agreed to appear before the court on June 22, 1989. On June 22, the cause was set for trial on September 18, 1989. On September 18, by agreement, hearing of the cause was set over to December 11, 1989.

█ On December 11, 1989, the trial court made the following docket entry:

"Def appears in person by Atty Wampler. State by [illegible] Phillips. By agreement case submitted on record. Def admits submissibility of State's case. Def found guilty. Sentencing set 1/23/90 at 9:30 A.M."

A judgment, which essentially comports with requirements of Rule 29.07(c), appears at page 17 of the legal file. The judgment recites that the State appeared by an Assistant Prosecuting Attorney, the defendant in person and by attorney, and recites further:

"Defendant withdraws plea of not guilty and enters plea of guilty to charge of *DWI.* Court accepts the plea of guilty and finds that it was made voluntarily."

The judgment is dated January 23, 1990, and indicates, as did the judgment of December 20, 1988, that the charge of careless and imprudent driving was dismissed by the State.

In this court, the defendant argues that his conviction must be set aside because the State failed to prove that the breathalyzer test included in the record was obtained according to methods approved by the Division of Health. In short, defendant's argument is that the evidence is not sufficient to support the judgment of conviction.

Counsel for the defendant advises us that "[i]t has become a common practice in criminal law especially in cases involving automobiles and traffic violations to have a trial 'on the record.'" Counsel assures us that this practice is beneficial in general, but in this case the State should have proved that the breathalyzer test was performed according to regulations promulgated by the Division of Health. The State takes this contention as presented and answers that since no such objection was made in the trial court, any error in admission of the breathalyzer test has been waived. Taking the arguments as presented, we consider that the defendant *stipulated,* on December 11, 1989, that the whole record might be considered. Having so stipulated, the defendant may not now complain that the breathalyzer test—which indicated defendant's blood alcohol content was .15 percent—was received in evidence. *State v. Pettis,* 522 S.W.2d 12, 16–17[11] (Mo.App.1975).

Nevertheless we must take the record as it is presented, and the statutes require associate circuit judges to follow the procedure and practice which is regularly applicable before circuit judges and to maintain a record of those proceedings. §§ 478.-225.5 and 512.180.2, RSMo 1986. Section 512.180.2 speaks of a "judgment," and clearly in those criminal cases triable in the associate circuit division, a formal judgment is required.

█ Inasmuch as the recitations and sentence shown by the formal judgment control over the minutes which appear in the judge's docket, *State v. Fleshman,* 399 S.W.2d 56, 58 (Mo.1966); *State v. Yardley,*

637 S.W.2d 293, 295[1] (Mo.App.1982), and given the fact that we must review the formal judgment, when we look to that part of the record which is designated as the judgment we find that the defendant entered a plea of guilty, specifically denominated as such by the trial court. Of course, a defendant may appeal from a plea of guilty, but the scope of review on such an appeal is restricted to the question of the jurisdiction of the subject matter and the sufficiency of the charge. *Tygart v. State*, 752 S.W.2d 362, 365[1] (Mo.App. 1988); *State v. LePage*, 536 S.W.2d 834, 835 (Mo.App.1976). Section 478.225.2(6), RSMo 1986, confides jurisdiction of cases arising under Chapter 577 to associate circuit judges; the charge to which the defendant pled guilty is unexceptionable in form. There is no error in any respect properly briefed in this court, and accordingly the judgment is affirmed.

PARRISH, P.J., and FLANIGAN, C.J., concur.