**STATE of Missouri, ex rel. James SNIDER, Relator,**

v.

**The Honorable Patrick FLYNN Associate Circuit Judge for the Associate Circuit Court of Lincoln County, Respondent.**

No. 69797.

Missouri Court of Appeals, Eastern District, Writ Division Five.

July 16, 1996.

Emily Blood, Asst. Public Defender, St. Charles, for relator.

James D. Burlison, Asst. Pros. Atty., Troy, for respondent.

GRIMM, Presiding Judge.

Relator/defendant seeks a writ of prohibition to prevent respondent/judge from sentencing him in two matters. One is the revocation of probation, and the other is a trial. He contends that he was forced to represent himself in both matters in violation of his constitutional right to counsel. We issued a preliminary order in prohibition, which we now make absolute.

I.

The first of these two matters, a misdemeanor stealing charge, arose in 1993. A November 1993 docket entry states, "Defendant does not qualify for public defender as defendant is not emancipated."

Apparently, private counsel represented defendant when he pled guilty to this charge on February 2, 1994. Respondent suspended imposition of sentence and placed defendant on two years supervised probation.

Approximately 14 months later, respondent suspended defendant's probation after being advised of a possible violation. In

May, 1995, the district public defender entered his appearance for defendant. From this time forward, the proceedings parallel those in the second case.

The second matter, a misdemeanor receiving stolen property case, arose in 1995. In May 1995, the district public defender entered his appearance for defendant. However, on June 20, 1995, the district public defender filed identical motions to withdraw in both cases. The public defender gave as his reason, "Defendant has hired private counsel on another pending criminal charge."

On June 22, 1995, respondent granted the public defender's motion to withdraw. We have no further record of a hearing on the motions. At that time, and twice thereafter, respondent set the matter "for announcement regarding counsel."

The July 27 docket entries reflected that defendant "appears in custody as he is being held on Warren County warrants." The entries further stated, "Defendant has not hired an attorney. Defendant is advised he will not qualify for public defender as he has private counsel on other pending cases. Case set for trial with or without an attorney on September 7, 1995."

The September 7 docket entries stated, "Court has determined that the defendant has impliedly waived his right to counsel." We were not furnished any record concerning this determination. Respondent then conducted a probation violation hearing on the first matter and revoked defendant's probation.

Also on September 7, respondent heard evidence in the second matter and found defendant guilty. It set post-trial motions and sentencing for a subsequent date. After overruling defendant's post-trial motion, respondent continued the case "for sentencing

or filing of writ." Defendant then sought this writ.

## II.

The constitution guarantees an accused the right to counsel. Absent a knowing and intelligent waiver of counsel, no defendant may be imprisoned unless he was represented by counsel at trial. *State v. Watson*, 687 S.W.2d 667, 669 (Mo.App. E.D. 1985). Further, the State has the burden to show from the record that a defendant waived his right to counsel. *Id.* at 670.

Nothing in the record indicates defendant waived his right to counsel, much less made a knowing and intelligent waiver. The only record which relates to this issue is respondent's docket sheet entry that "defendant has impliedly waived his right to counsel."

The record is silent as to why or how defendant "impliedly waived" counsel. We could speculate that respondent made this determination because defendant apparently had counsel in other cases. However, nothing in the record states who hired or paid the counsel in the other cases. Regardless, the record is barren of any facts that defendant had the ability to hire counsel in these two matters.

We do know that according to the November 1993 docket entry, defendant did not then qualify for a public defender because he was not emancipated. This leads us to believe he was then 17 years of age. The record does not disclose whether defendant was ever employed, or what assets, if any, he has with which to hire an attorney. Thus, there is a lack of proof of indigency.

Even if defendant is not indigent, § 600.051.1,* RSMo 1994, required respon-

* This statute provides:

1. Any judge of a court of competent jurisdiction may permit a waiver of counsel to be filed in any criminal case wherein a defendant may receive a jail sentence or confinement if the court first determines that defendant has made a knowledgeable and intelligent waiver of the right to assistance of counsel and the waiver is signed before and witnessed by the judge or clerk of the court, providing further that the waiver contains at least the following information

tion which the defendant has read or which has been read to the defendant before the signing thereof:

(1) That the defendant has been charged with the offense of ........ (nature of charge must be inserted before signing);

(2) That the defendant has a right to a trial on the charge and further that the defendant has a right to a trial by a jury;

(3) That the maximum possible sentence on the charge is ........ imprisonment in jail

dent to obtain a written waiver of counsel from defendant. The use of the written form is mandatory and the failure to use it is reversible error. *Peterson v. State*, 572 S.W.2d 475, 477 (Mo.banc 1978).

The court created a narrow exception in *May v. State*, 718 S.W.2d 495 (Mo.banc 1986). There, it said a written waiver is not required where 1) a written waiver is prepared in accordance with the statute, presented to the defendant in open court, and read into the record; 2) the defendant maintains his purpose of conducting his own defense; and 3) the defendant refused to sign the form. *Id.* at 497.

This case does not fit within the *May* exception. The record does not reflect that a written waiver was prepared, presented to defendant, or read into the record. Nor does the record indicate that defendant desired to conduct his own defense. Rather, the record shows that respondent continued the cases several times "for announcement regarding counsel." These entries seem to suggest that defendant desired to have counsel.

Nevertheless, respondent argues that defendant impliedly waived his right to counsel. The southern district has held that a defendant may impliedly waive his right to counsel if he is not indigent and refuses to hire a lawyer. *State v. Yardley*, 637 S.W.2d 293, 295–96 (Mo.App. S.D.1982).

The record in *Yardley* is substantially different from the one before us. In *Yardley*, the trial court interrogated the defendant on the record. *Id.* at 294. Defendant owned a trailer and a car, and had take-home pay of $103 per week. *Id.* at 295. The trial court determined the defendant was not indigent. Further, the record reflects that defendant indicated a willingness to represent himself. *Id.* at 294–95.

In contrast, in the matters before us, the record is silent as to any hearing that respondent may have conducted to determine defendant's indigency. Nor did respondent make a specific determination of defendant's indigency. Therefore, *Yardley* is not applicable.

Moreover, even if respondent believed defendant to be non-indigent, defendant was still entitled to be admonished of the perils of self-representation. *Id.* at 296. He should have been given such advice on the record as was necessary to establish that he was acting voluntarily and intelligently. *Id.*

The record is void of any such advice. The State, and ultimately respondent, has the burden of "producing evidence of a voluntary and understanding waiver" of counsel. *State v. Ehlers*, 685 S.W.2d 942, 945 (Mo.App. S.D. 1985). This burden has not been met.

■ A writ of prohibition is an extraordinary remedy and is generally reserved for those situations where the trial court has exceeded its jurisdiction and the relator lacks an adequate alternative remedy. *State ex rel. Norman v. Dalton*, 872 S.W.2d 888, 891 (Mo.App. E.D.1994). However, we will exercise our discretion to issue a writ where the facts and circumstances demonstrate unequivocally that there exists extreme necessity for preventive action. *State ex rel. Scott v. Goeke*, 864 S.W.2d 411, 413 (Mo.App. E.D. 1993).

■ Here, respondent denied defendant his fundamental right to counsel at a trial and at a hearing which may result in jail time. *Cf., State ex rel. Estill v. Iannone*, 687 S.W.2d 172, 175 (Mo.banc 1985). (Writ was appropriate where the trial court denied a request for a jury trial.) Moreover, defendant has no right to an appeal of his proba-

and a fine in the amount of ........ dollars or by both imprisonment and fine. That the minimum possible sentence is ........ imprisonment in jail or by a fine in the amount of ........ dollars or by both such confinement and fine;
(4) That the defendant is aware that any recommendations by a prosecuting attorney or other prosecuting official are not binding on the judge and that any such recommendations may or may not be accepted by judge;

(5) That if defendant pleads guilty or is found guilty of the charge, the judge is most likely to impose a sentence of confinement;
(6) That, if indigent, and unable to employ an attorney, the defendant has a right to request the judge to appoint counsel to assist the defendant in his defense against the charge.

tion revocation. *See, State v. Madison,* 519 S.W.2d 369 (Mo.App. E.D.1975). Therefore, we find a writ of prohibition appropriate.

The preliminary order in prohibition is made absolute. Respondent is directed to set aside the conviction in the receiving stolen property case and grant defendant a new trial. Further, respondent shall set aside the probation revocation and grant defendant a hearing. Finally, respondent shall take such steps concerning defendant's right to counsel as are consistent with this opinion.

SIMON and CRAHAN, JJ., concur.